Hitchcock et al. *vs.* Lukens & Son.

HITCHCOCK et al. *vs.* LUKENS & SON.

| 8p 333 |
| 98  609 |
| 8p 333 |
| 108  673 |
| 8p 333 |
| 123  144 |

1. To authorise a party to recover upon a count in the declaration, alleging a special contract, it is necessary to shew a contract substantially as alleged.

2. But it is competent for a plaintiff, where no special contract is proved, if he have a good cause of action, to recover either in a general *indebitatus assumpsit*, *quantum meruit*, or *quantum valebant*, as the proof may warrant.

3. Where one man has money in his hands, which *ex equo et bono* belongs to another, if there be no contract, modifying or controlling the general liability to pay, the person entitled to the money may recover in an action for *money had and received* to his use.

4. Nor is it necessary that there should have been any agreement between the parties, to entitle the plaintiff to maintain this action—for the law creates the privity and the promise.

5. If money be given to one person to deliver to a third, the right to the money is transferred to the latter, and he may maintain action.

6. Nor does the statute of frauds interpose a barrier to a recovery in such a case—as the undertaking is not to answer for the debt, default, or miscarriage of another, but to pay the money of another *already received*, or *when received*, to a third person.

7. Where the execution of a trust creates a mere monied demand upon the trustee for a sum certain, or which may be reduced to a certainty by a reference to something else, there is no principle of law which renders necessary a resort to equity.

8. If a contract under seal be so executed, as not to authorise a party injured by its breach to sue upon it, he may bring *assumpsit*, and make the contract, inducement by his declaration, or give it in evidence, without noticing it in the pleadings.

Error to the Circuit court of Mobile.

This was an action of assumpsit, by Lukens & Son, against Hitchcock & Williams.

The declaration contained two counts—one special, and one common count, for money had and received.

The special count alleged, that in consideration that the plaintiffs would relinquish their lien, acquired by execution, on a judgment against George Davis, on certain property of Davis, that the defendants promised, that as soon as the defendants should sell said property, as joint trustees of Davis, they would pay the plaintiffs. That in consideration thereof, the plaintiffs did relinquish their lien. That the defendants, as joint trustees, and for the benefit of plaintiffs, did sell said property, and received two thousand dollars, whereby they became liable—and upon this, a *super se assumpsit* was laid.

The defendants pleaded *non-assumpsit* and the statute of frauds, in which issue was joined.

There was a verdict for the plaintiffs, and a bill of exceptions taken by the defendants on the trial.

The plaintiffs gave in evidence a deed of trust under seal, signed by George Davis and by the defendants only. The deed recited, that divers judgments (twelve) had been rendered against George Davis, (amounting, besides costs, to two thousand nine hundred dollars;) that executions on those judgments had been levied on a steam-boat, fourteen horses, carriages, &c.; that the creditors had consented to extend the time of payment till the first of April: provided, all the property described could be secured, and held subject to the payment of the judgments

Hitchcock et al. *vs.* Lukens & Son.

according to their priority; the trustees (the defendants) were to sell the property and pay the judgments, by the first of April. It was specially provided, that the defendants were not to be responsible for any loss or injury to the property.

The plaintiffs also gave in evidence, that they had directed the sheriff not to proceed any further in their execution; but it was not shewn, nor the return on it. They offered evidence to shew that their execution had precedence over the others, except as to one for two hundred dollars. They also offered evidence, conducing to prove, that the defendants had sold a considerable portion of their property, and that they had received about eighteen hundred dollars; and also proved a demand of the defendants of payment.

The court refused to instruct the jury, that it was necessary that the plaintiffs should prove the execution and return, to shew that it was unsatisfied: also, that the contract being under seal, that the plaintiffs could not recover: also, that to recover on the first count, they must prove a special contract as therein declared on—and that if the contract proved was variant, they could not recover on that count: also, that if no other contract had been made by the defendants than the deed of trust, it was not sufficient to charge them under the first count: also, that the deed did not furnish sufficient evidence of consideration, necessary to support the first count: and charged that the waiver of lien of execution, by the plaintiffs, as averred by the deed, was a sufficient consideration to support the promise in favor of the plaintiffs: also, that if the money was received by the defendants, as

Hitchcock et al. *vs.* Lukens & Son.

trustees only, that they could not be sued for it by the plaintiffs at law: and charged, that if the jury believed the defendants had made the money under the deed, that the plaintiffs' execution had a precedent lien, and that there was a surplus after all expenses, and that for such a surplus, an action at law could be maintained.

The defendants gave in evidence, a judgment recovered against them (for the loss of a negro killed on the steam boat) for one thousand dollars. They offered also evidence to prove, that they had employed a captain to manage the steam boat; that this employment was judiciously made, and that it was the captain's neglect, and not theirs, which was the cause of the recovery against them. This last evidence the court rejected.

The defendants requested the court to charge, that if the payment of the judgment of one thousand dollars, exhausted the money in their hands, that the plaintiffs were not entitled to recover.

The court did charge, that if over and above the amount of said recovery and their compensation, defendants had received enough money to pay the plaintiffs, that the recovery against them for negligence should not effect them; but if, not enough, that the plaintiffs demand, if proved according to the construction of the deed, had precedence over the amount of that recovery against them. All which was excepted to and relied on as error.

*Thornton,* for plaintiffs in error.

COLLIER, C. J.—To authorise a party to recover upon a contract in the declaration, alleging a special contract,

Hitchcock et al. *vs.* Lukens & Son.

it is necessary to show a contract substantially as alleged. But it is competent for a plaintiff, where no special contract is proved, if he have a good cause of action, to recover, either, in a general *idebitatus assumpsit, quantum meruit,* or *quantum valebant,* as the proof may warrant. In the present case, we are not informed by the record that there was an express contract between the parties, either special or otherwise; we will then enquire if there was any objection to a recovery upon the second count, *for money had and received.*

Where one man has money in his hands, which *ex æquo et bono* belongs to another, if there be no contract modifying or controlling the general liability to pay, the person entitled to the money may recover in an action for *money had and received* to his use. Nor is it necessary that there should have been any agreement between the parties, to entitle the plaintiffs to maintain this action. In Neilson vs. Blight, (1 Johns. Cases, 205,) it was decided, that where an agent receives goods, on condition to pay a creditor of the principal, (who is ignorant of the arrangement,) a sum of money out of the proceeds, and the goods are sold, the creditor may maintain an action for money had and received against the agent.

In Hall vs. Marston, (17 Mass. R. 575,) it appeared that one Bradford was indebted to the plaintiff and to the defendant, in the sum of thirteen hundred dollars, and remitted to the latter a bill of exchange, with these instructions: "Please to do the needful with the bill, and when in cash, have the goodness to pay Mr. Jacob Hall, distiller, Boston, two hundred dollars, and take his receipt,

and place the balance to my credit, and you will much oblige," &c.

The bill was accepted and paid, but the defendant did not pay any part of it to the plaintiff. And this action was brought to recover the *two hundred dollars.* The court considered it as well settled, that if one man promises another, for a valuable consideration, to pay a third a sum of money, the latter may maintain *assumpsit* for money had and received. It is further said, that there are many cases in which that form of action is supported, without any other privity between the parties, than what the law creates. "Whenever one man has in his hands the money of another, which he ought to pay over, he is liable to this action, although he has never seen or heard of the party who has the right; if he cannot show that he has the legal or equitable ground for retaining it, the law creates the privity and the promise." So, if money be given to one person to deliver to a third, the right to the money is transferred to the latter, and he may bring this action—(To the s. p. Dumond vs. Carpenter, 3 Johns. R. 183 ; Raymond vs. Bearnard, 12 John. R. 276; Goodridge et al. vs. Lord, 10 Mass. R. 487; Tindlay vs. Adams, 2 Day's R. 369 ; 7 Har. & Johns. R. 157; Williams vs. Everit, 14 East's R. 582; 1 Com. Dig. *Assumpsit,* E.) The statute of frauds interposes no barrier to a recovery in such a case—the undertaking of a defendant is not to answer for the debt, default, or miscarriage of another, but to pay the money of another *already received,* or *when received,* to a third person. It is an agreement to perform an agency, and the reception of the money creates a sufficient consideration to support it.

Hitchcock et al. *vs.* Lukens & Son.

The idea, that if the plaintiffs received the money sought to be recovered of them by the sale of property, conveyed to them *in trust*, to sell for the defendants benefit, they are not chargeable at law, is not well founded. Trustees, if faithless or perverse, may be compelled, in equity, *to execute their trust*, or they may be required to discover *how they have executed it, and account to their cestui's que trust*. But where the execution of the trust creates a mere monied demand upon the trustee for a sum certain, or which may be reduced to a certainty by a reference to something else, there is no principle of law which would render necessary a resort to equity. In the case at bar, it appears from the *deed of trust*, that the defendant was an execution creditor of one Davis, who being desirous of paying him, as well as others, who had executions against his estate, conveyed a considerable amount of personal property to the plaintiffs, *in trust*, to sell, and with the proceeds to pay the execution creditors according to their legal priority or preference. The plaintiffs sold a part or all the property, which yielded largely more than a sum sufficient to satisfy the execution of the defendants, or any other having a prior lien. It is, then, clear, that the plaintiffs have money in their hands, which *ex æquo et bono* should be paid over to the defendants.

To entitle the defendants to recover, there could have been no necessity for producing their execution, for any other purpose than to show its amount, and the time of its issuance by the clerk, and reception by the sheriff; and its production might be dispensed with, and the *execution docket* substituted to prove these facts, if the she-

riff had failed to return it to the proper depository according to its mandate.

The *deed of trust* recites the agreement by the execution creditors, to delay a collection of their judgments until the first day of April after its execution, upon the property conveyed by the deed, being secured for their benefit. Now, it was not necessary to the maintenance of the defendants action, to show that they had caused the sheriff to withdraw the levy of their execution, and return it unsatisfied. If the defendants had, in despite of the agreement recited in the deed, collected their judgment, it would have been an available defence, which it was incumbent on the plaintiffs to make out. But the defendants did show, *prima facie*, that they did not commit a breach of the agreement, for they directed the sheriff to suspend proceedings upon the execution.

It is argued for the plaintiffs, that conceding their liability, yet they are not chargeable in *assumpsit;* that their contract being under seal, some other action suited to its dignity, should have been brought. This argument would be very forcible, if the defendants were parties to the deed; but they are not, and consequently can maintain no action upon it. If a contract under seal, be so executed as not to authorise a party injured by its breach, to sue upon it, he may bring *assumpsit*, and make the contract inducement by his declaration, or give it in evidence, without noticing it in the pleadings, according as it may be necessary to make out his case—(Gouverneur et al. vs. Elliott and wife, 2 Hall's Rep. 211.) In Arnold vs. Hickman, (6 Munf. R. 15,) it was determined, that where a judgment assigned by a *sealed instrument* was

afterwards reversed, *assumpsit* was the proper action against the assignor; because the deed of assignment was not the *ground*, but only *inducement* to the action. And in Baird & Briggs vs. Blaigrove's ex'or, (1 Wash. R. 170,) an action of *assumpsit* was brought upon a state of facts, in some respects not much unlike those shown in the present case. There, the declaration stated, that the plaintiffs having obtained a judgment against one Jeremiah Glenn, and being willing to give to him an opportunity of disposing of his property to the best advantage, to enable him to satisfy the judgment, an agreement was entered into between the plaintiffs, Glenn, and the testator of the defendant, whereby the testator bound himself to see the balance of the debt, interest and cost, (which should remain unsatisfied by the property which Glenn might sell for that purpose,) paid by October, seventeeen hundred and seventy-five. That the intention of the agreement was to favor Glenn, by enabling him to sell his property at the highest price. That in consideration thereof, the testator afterwards, &c. assumed upon himself to pay such balance when required. The declaration then avers, that a sale was made, and a balance still remained unsatisfied, of which, &c. whereby, &c. nevertheless, &c. The agreement stated in the declaration had three *scrolls*, one opposite each signature: but no part of the agreement, either in the beginning, conclusion, or attestation, says any thing about its being sealed. The court inclined to the opinion, that the agreement was not a sealed instrument, but without deciding that point, were of opinion that if it was, the action was sustainable. " The agreement," say they, "is

only stated as inducement to that, which forms the real ground of the consideration"—(See also Brickell vs. Batchelor, C. &. N. (No. Caro.) Rep. 109.)

In the case before us, the deed of assignment gave no right of action to the defendants. The foundation of their action, is the receipt of money by the sale of Davis' property ; the deed is but inducement to this, and serves to show from whom, and for what purpose the property was conveyed to the plaintiffs, and how its proceeds were to be appropriated.

There is no error in the charge of the judge to the jury, *that the plaintiffs were not authorised to retain as against the creditors provided for by the deed, the amount of a recovery against them, for the loss of a negro by negligence on the steam boat, conveyed to them by Davis,* if we are to understand the negligence to be imputable to the plaintiffs. It is, however, needless to consider this point, as it seems to have been very clearly proved at the trial, that even allowing the plaintiffs to retain to the extent of the recovery against them, and they would still have in their hands a sum, much more than sufficient to pay the amount of the defendants judgment, liable (according to the terms of the deed) to its satisfaction.

The proceedings below are free from objection, and the judgment must be affirmed.