# BOYD v. TALIAFERRO.

1. B, An indorser on a bill of exchange, paid the amount to the bank, upon an agreement, that the bank should prosecute their claim against T, a subsequent indorser, for the benefit of B, but the agreement was not to appear on the books of the bank. The bank obtained judgment against T, who was ignorant of the payment by B, collected the money, and paid it over to B. Held, that T could recover the amount so paid, of B, in an action of assumpsit.

Error from the Circuit Court of Montgomery. Before the Hon. Geo. Goldthwaite.

Assumpsit by Taliaferro, against the plaintiff in error, to recover the amount which the plaintiff below had been compelled to pay by suit, as indorsee of a bill of exchange upon which Boyd was a prior indorser.

It appeared in evidence, that before the payment made by Taliaferro, Boyd had paid the amount of the bill to the Branch of the Bank of the State of Alabama at Montgomery, but under an agreement, that the payment should not be entered upon the books of the bank, and that the bank should prosecute the claim against Taliaferro's estate, (he having died in the mean time,) for the benefit of Boyd. The claim was prosecuted, judgment rendered, and the money collected by the sheriff of Montgomery county, and paid over to Boyd upon the order of the bank. There was no evidence showing that Taliaferro had any knowledge, before the payment of the money by him, of the previous payment made by Boyd, the first indorser.

The court charged the jury, if they found the above state of facts to be true, they should find for the plaintiff below. To reverse the judgment because of this charge, Boyd prosecutes this writ of error.

Boyd v. Taliaferro.

ELMORE and McLESTER, for the plaintiff in error, made the following points:

1. The money sued for, was not, in law, paid to the plaintiff in error, but was paid to the bank, upon a valid judgment.

2. There is no right of action in defendant against Boyd, for Boyd had paid the debt to the bank before the judgment was rendered against defendant, and of this he was bound to take notice and plead it.

3. The defendant has no remedy at law, nor can he be relieved in equity, unless he can impeach the judgment for fraud or accident, or the act of the opposite party, unmixed with fault or negligence on his part.    French v. Garner, 7 Por. 549.

4. If the defendant has any remedy, it is against the bank, for Boyd received the money to the use of the bank.    Bank U. S. v. Bank of Washington, 6 Pet. 8 ; Story on Agency, 303-4-5.

5. If the payment was made to Boyd, and not to the bank, it was a voluntary payment, and hence defendant could not recover it back.

6. If the last indorser of a bill be notified of its dishonor, and he desires to hold any prior party liable to him, he must notify him, unless due notice has been given to the prior party by the holder.    Sherrod v. Rhodes, 5 Ala. 683.

J. D. F. WILLIAMS, for defendant.

1. The action of assumpsit for money had and received, has been assimilated to a bill in equity, and the true test of the plaintiff's right to recover, depends upon the fact, whether the defendant can, in equity and good conscience, retain the money sought to be recovered.    Dupuy v. Roebuck, 7 Ala. 486.

2. These actions on the money counts are resorted to as substitutes for bills in equity, and ought to be encouraged, whenever the law affords no other remedy ; and where a court of equity would compel the defendant to repay the plaintiff a sum of money, which the latter had been compelled to pay for his benefit.    Wright v. Butler, 6 Wend. 290.

3. This action will also lie by a second indorser against the holder of a promissory note, to recover back money paid on a judgment against such indorser, where the holder, previous to the payment, released a prior indorser. Brown v. Williams, 4 Wend. 360; Knox v. Abercrombie, 11 Ala. R. 997.

4. An action of assumpsit on the money counts, will lie by the second indorser against the first indorser, to recover back money paid upon a judgment. Wright v. Butler, 6 Wend. 284; Brown v. Williams, 4 Ib. 366.

CHILTON, J.—This case is entirely unlike the case of The Trustees of the University of Alabama v. Keller, Ex'x, 1 Ala. Rep. 406, in which it is held, that money *voluntarily* paid, under ignorance of the law, cannot be recovered back in an action for money had and received. Nor does it come within the rule, that a defendant in a judgment cannot recover from the plaintiff such monies as the latter has recovered by virtue of the judgment, so long as such judgment remains in full force. This is a suit by the second indorser of a bill, to recover from a prior indorser, the amount which has been collected from him by law. There can be no doubt but that the payment of the bill by Boyd to the bank, could have been pleaded by Taliaferro in bar of the action of the bank against him. But he is unadvised of this payment, and the means of ascertaining it are withheld from him, virtually, by the agreement between Boyd and the bank; for it appears by this agreement, the payment is not to be entered upon the books of the bank. Why, it may be asked, was it not to be entered? The reason is obvious, if entered, the second indorser of the bill, Taliaferro, would then have had the means of being informed of the payment, and would have availed himself of it. Taliaferro then, having been compelled to pay the bill, which both Boyd and the bank agreed should not be considered as paid by the arrangement between them, has a right to recover out of Boyd, and the latter cannot be permitted to avail himself of his own wrong to defeat such recovery. The action of assumpsit has well

been assimilated to a bill in equity, in its application to many cases. This is one of those cases, where, according to both conscience and law, the plaintiff should have his remedy. See Dupuy v. Roebuck, 7 Ala. R. 486; Knox v. Abercrombie, 11 Ib. 997. The court, as we have seen, did not mistake the law in the charge excepted to.

Let the judgment be affirmed.