# HUCKABEE v. MAY.

1. G being indebted to May, in the sum of $4,000, and to Mason in the sum of $400, executed, and delivered to May, a deed of land and negroes; which recites, that G being largely indebted to divers persons, to wit, to J. May in the sum of $4,000, to Mason in the sum of $400, and to several others, (naming them, and the amounts,) and being desirous to secure them, in consideration that May gives up and releases his debt for $4,000, and in consideration of said May assuming all, and every debt before named, owing by G to his creditors, and becoming liable to pay and satisfy them; and in consideration of one dollar, &c.   The deed then proceeds to convey a tract of land, and a number of slaves, &c. in fee to May.   An action of assumpsit being brought to recover the debt due to Mason: Held, that a recovery could be had in assumpsit by Mason v. May.—COLLIER, C. J., dissenting.

Error to the County Court of Greene.

ASSUMPSIT by the defendant in error.

The declaration contains two special counts, and the common money counts.   There was a demurrer to the two special counts, which was sustained, and a trial was had on the money counts.   In the progress of the trial, a bill of exceptions was sealed, which presents the following facts: Grizzle being indebted to May in the sum of $4,000, and to Mason in the sum of $400, by note, and to various other persons in different sums, on the 17th day of August, 1840, executed

and delivered to the defendant in error, a deed of land and negroes, which recites, that Grizzle, being largely indebted to divers persons, to wit, to John May in the sum of $4,000, to Mason in the sum of $400, due by note, and to several other persons, (naming them, and the amounts due them,) and being willing and desirous to secure them, his creditors, in the above named sums, and to secure and satisfy the said demands, this indenture witnesseth, that in consideration that said May gives up and releases his debt for $4,000, and in consideration of said May's assuming all, and every debt before named, owing by him the said Grizzle, to his said creditors, and becoming liable to pay off, and discharge the same, to the satisfaction of the creditors, so that said Grizzle should be entirely discharged from said debts, and in consideration of one dollar, doth hereby grant, &c.

The deed then describes, as granted and conveyed, a tract of land, a number of slaves, stock, &c. in fee to said May. It was executed by both Grizzle and May, and was duly recorded.

It was also shown, that the property was delivered to May, and was worth about $9,000. Mason demanded the money of May, before suit brought.

On this evidence, the court charged the jury, that the plaintiff could not recover, unless it was shown, that the property conveyed by the deed was actually converted into money by May, or unless it was shown that May had money in his hands from Grizzle, arising from some other source, applicable to the payment of this debt; which was excepted to.

The second special count sets forth in the form of a declaration, the facts proved, alledging a demand of the money by Mason of May, and concluding with a *super se assumpsit.* Mason having died, Huckabee as executor revived the suit.

The errors assigned are—

1. That the court erred in sustaining the demurrer to the first and second counts.

2. That the court erred in the charge given to the jury.

Murphy, for plaintiff in error.

Erwin & Clark, contra.

Huckabee v. May.

1. Assumpsit cannot in general be maintained, where there is a sealed instrument.    1 Chit. Pl. 103; 2 Stew. 472.

2. Where there is a deed *inter partes*, although it contain a covenant for the benefit of a third person, no action can be maintained by such third person upon said covenant.    1 Ch. Pl. 3, 119; 7 Halsted's R. 53; 6 Leigh, 560; 12 Ib. 204; 1 Tate's Dig. 194; 8 Peters, 340.

3. Where one sells property to another, who promises the vendee to pay a debt which the vendor owed to a third person, such third person can maintain no action for a breach of said promise, while he held his right of action against the vendee, at any rate not until he becomes a party to the arrangement, by assent and agreement on the part of the vendee to recognize him as his creditor.    1 H. & Gill, 484; 24 Wend. 260; 4 B. & Creswell, 163; 10 S. & Lowb. 302.

4. To recover upon the common count for money had and received, it is necessary to prove that money has been received, or at least some proof must be made, from which such an inference can be drawn.    The reception of property, or a promise to pay money for property, will not be sufficient.    6 Ala. 255; 9 Porter, 417; 4 Blackf. R. 479; 3 J. J. Marshall, 6; 14 S. & R. 178; 4 B. & Creswell, 163; 10 S. & Lowb. 302.

DARGAN, J.—The only question presented by the record is, will an action of assumpsit lie to recover of May the amount of the note executed by Grizzle to Mason?

The rule of law must be considered settled, that if A promise B, to pay a third person a sum of money, and this promise is founded on a sufficient consideration, such third person may bring assumpsit on the promise.

In the case of Poole v. Dutton, 1 Venrtis, a son, who was the heir at law, promised the father, if he would not cut the timber on the estate, which the father was about to do, to raise a portion for a daughter, that he (the son) would pay the daughter £1,000.    After the death of the father, the daughter brought assumpsit on this promise, and recovered, and this judgment was affirmed on error.    In Martyn v. Hind, 2 Cowp. Rep. 443, Lord Mansfield said, it is matter of

34

surprise that any man ever doubted the right of the daughter
to recover.

The principle determined in the case of Dutton v. Poole,
has been recognized by most of the American courts, and has
been denied by none. See 8 Porter, 333 ; 1 Harris & Gill's
R. 488 ; 1 Johns. Rep. 139 ; 12 Id. 276 ; Peters's C. C. Rep.
169 ; 16 S. & R. Rep. 241 ; 3 Sheppard's Rep. 285 ; 1 Rich-
ardson's Rep. 268 ; 5 Blackf. 179.

These authorities all say, if one person promise another to
pay a sum of money to a third person, and such promise is
founded on sufficient consideration, assumpsit may be main-
tained by such third person on the promise. If the promise
being by parol merely, will create such privity, and give the
third person such a right that he can maintain a suit on it,
surely if the promise or agreement be by deed, or under seal,
founded on sufficient consideration, and the person to whom
the money is to be paid assents to the promise, and claims
the benefit of it, such an agreement under seal, must give to
the person to whom the money was to be paid, a right that
cannot be divested, or taken from him by the party entering
into the agreement to pay the money.

The contract between Grizzle and May, created a right in
favor of Mason, and when Mason assented to it, and claimed
the right, it vested in him, and cannot be divested by the
breach of the contract on the part of·May, or by his refusal
to pay the money he agreed to pay to Mason.

Having ascertained that the contract gave Mason a right,
the extent of it must be the amount of money May undertook
by the deed to pay him ; and the only remaining question is,
will assumpsit lie to enforce that right. It is admitted by all
that Mason could not sue on the deed in covenant, and there-
fore if he cannot sue in assumpsit, he has no remedy against
May at law.

Why should he be driven into a court of equity ? It is ad-
mitted, that if by deed of similar import or terms, Grizzle
had conveyed money, instead of land and slaves, resort to
equity would have been unnecessary, for assumpsit for mo-
ney had and received, could have been maintained. I will
ask, if May, by the terms of the contract, and by receiving
the deed and the property conveyed, does not admit that he

Huckabee v. May.

has money to pay the creditors of Grizzle, named in the deed? He receives the property of Grizzle, and agrees to pay his creditors, not to sell the property as a trustee for that purpose; but by the terms of the deed, the property belongs absolutely to May, and May stipulates to pay. This stipulation must imply that he has the money to do it. I think May should be considered in the same light or condition, as if by deed of the same legal import, he had received money of Grizzle, instead of land and negroes. In 7 Cowen's Rep. 662, a surety discharged the debt of his principal, by conveying to the creditor land, and sued the principal for money paid. The court say, the parties treated the land as money, it was so considered by them, and that it was immaterial to the principal, whether it was in fact money or not; and in 15 Maine Rep. 282, the court say, that in an action for money had and received, it is generally necessary to prove the actual receipt of money; but if the parties have treated the consideration on which they have acted as money, then the action will lie.

So, in the case of Stewart v. Conner, 9 Ala. Rep. 803, 815, the property of the defendant in execution was sold by the sheriff, and the plaintiff received a bill of exchange from the purchaser, for a part of the purchase money. The judgment was afterwards reversed, and the defendant in execution sued the plaintiff for money had and received. It was objected, that he could not recover the amount of the bill, it not being shown that it had been paid. The court said, it was immaterial whether the bill had been paid or not; that it had been treated as money by the plaintiff, and he could not be permitted now to deny it. To the same effect is the case of Pinckard v. Banks, 13 East's Rep. 20, a stakeholder had received country bank notes as money, and paid them away wrongfully, and being sued in an action for money had and received, Lord Ellenborough said, provincial notes are not money, but as they had been treated as such, the defendant could not be permitted to deny that they were money.

These authorities show, that where the consideration is treated by the parties as money, an action for money had and received, will lie in favor of the person entitled to receive the

money. How did Grizzle and May treat the consideration that May was to give for the property conveyed to him by the deed? Was it considered different, or otherwise than as funds in the hands of May to pay the creditors of Grizzle named in the deed? Grizzle was desirous to provide funds for their payment, and for this purpose sold his property to May. The property itself was not charged with the payment of those debts, but May stipulates to pay them. The price he agreed to pay, could have been considered in no other light by Grizzle, than as funds in May's hands for this purpose, and it was so treated by May, and he cannot now be permitted to deny it. Having therefore in his hands, money to which the plaintiff is entitled, and to recover which he cannot sue on the deed, he may declare in assumpsit, and the deed executed by Grizzle and May, may be treated as inducement, or the consideration of the defendant's promise. See Hitchcock v. Lukens, 8 Porter, 333.

Having ascertained that the contract between Grizzle and May gave a right to Mason after his assent to it, to demand and receive of May the debt due to him, and that the law considers the amount he agreed by his contract to pay to the creditors of Grizzle, as money in his hands for that purpose, it remains only to say, that there is no necessity for driving Mason to a court of equity to recover his debt. Indeed, the very decree that a court of equity would render, would be an argument in favor of sustaining the action at law. It could not be to subject the property to sale, as a trust fund, but would be simply that May should pay to Mason a sum of money, because in equity and good conscience, he owed it to him; and as May and Grizzle have treated this sum as money in the hands of May to pay to Mason, he may recover at law.

Let the judgment be reversed, and the cause remanded.

COLLIER, C. J.—I have bestowed much reflection upon this case, and have examined the authorities with care, but cannot concur in the conclusion of my brethren. The covenant by May to pay Huckabee the debt which Grizzle owed him, created a duty in favor of the covenantee, on which he might maintain an action, if in a reasonable time May failed

to perform it.   This is a clear proposition, sustained both by reason and authority, and I therefore assume it.

It may be conceded, that where A makes a verbal promise to B to pay money to C, that the promise inures to the latter, and he may sustain a suit against A for his default.   But such is not the case before us.   Here, the contract between Grizzle and May is evidenced by a writing under seal; and if under such a state of fact there be any authority for the maintenance of an action by Huckabee, in the absence of any thing of which the law predicates a *privity*, it has escaped my researches, and certainly eluded the industry of counsel.

If A receives *money*, or property *as money*, the law would create a *privity*, and entitle C to his action for *money had and received*, notwithstanding the covenant with B to pay C.   But here there is no pretence that the covenantor has received money, or property as money, of which he is the mere conduit to pass it on to Huckabee, and the only form of declaring in assumpsit adapted to the proof, is a count disclosing the special facts.   From such facts, and in such a mode of declaring, the law will not deduce a *privity;* and the liability of May being secured by a covenant, which is the highest, and under the circumstances, exclusive evidence, the covenantee alone can sue for his default.

This view harmonizes with the authorities cited by my brethren, and strictly conforms to Lukens and Son v. Hitchcock, 8 Port. Rep. 333; Stewart v. Conner, 9 Ala. Rep. 803. See Dickinson v. Rodman, Taylor's No. Caro. T. Rep. 88; McCarthy v. Smith, 1 Al. & Nap. Rep. 69; Wedlake v. Harley, 1 C. & J. R. 83; Hinkley et al v. Fowler, 1 Maine Rep. 285; Toussant v. Martinnant, 2 T. Rep. 100.   My object has been accomplished by stating the grounds of my dissent; and as the case is one to which the maxim, *non omne quod licet, non honestum est*, and the observation that all things that are lawful are not expedient, may perhaps apply, I have no inclination to add more.   See however, Johnson v. Collins, 1 East's Rep. 104, by Ld. Kenyon; White v. Parkins, 12 East's Rep. 58, by Bayley, J.