## WILLIAMSON *vs.* CULPEPPER.

1. If W. borrows money from C., and transfers to him, " *as collateral se-curity* " for its re-payment, the note of a third person, for nearly dou-ble the amount of the sum borrowed, with the condition that in case of W.'s default, " *C. is to hold the note as his own property,*" such trans-fer, notwithstanding the condition, is to be deemed a security merely, and not a conditional sale.

Error to the County Court of Wilcox. Tried before the Hon. S. G. Cochran.

Assumpsit by the plaintiff against the defendant in error. By bill of exceptions it appears, that the plaintiff in support of his action, read in evidence an instrument of which the fol-lowing is a copy: "Received of R. H. Williamson a note on S. W. Portis, for five hundred dollars, due 17th day of April last, as collateral security for the sum of two hundred and ninety-five dollars and four cents, which amount is due on the first day of November next, and if the said R. H. Williamson shall cause the above stated sum to be paid on or before the first day of November next, the subscriber will give up the note, and if not, I shall hold the same as my property, May 26th 1846, Erasmus Culpepper," and proved that the said sum of two hundred and ninety-five dollars and four cents, was bor-rowed by him from the defendant on the day said instrment was executed, and that the defendant before the institution of this suit, had collected the full amount of Portis' note. It fur-ther appears, that plaintiff did not pay the sum of money bor-rowed by him according to contract. On this state of facts, the plaintiff asked the court to charge the jury, that the said instrument was a pledge of mortgage, and that he had a right to recover from the defendant the difference between the sum borrowed, and interest thereon, and the amount received by the defendant on the note of Portis, after deducting his rea-sonable expenses incurred in the collection thereof. This charge the court refused to give, but charged the jury, that the instrument was a conditional sale, and the plaintiff not having complied with the condition, was not entitled to recover. To

the refusal to charge as requested to and the charge given by the court, the plaintiff excepted, and now assigns them as error.

WATTS & JACKSON, for plaintiff:

1. This is an action for money had and received, which as a kind of *equitable* action is much favored and authorises the plaintiff to recover from the defendant any money that he may have in his hands which *ex equo et bono* belongs to plaintiff. Hitchcock, et als. v. Lukens. 8 Port. Rep. 333.

2. The instrument described in the replication to the second plea, and refered to in the bill of exceptions as having been proven on the trial, connected with the fact that there was a loan of money from the defendant to the plaintiff, shows it to be a mortgage, or pledge, and to have been so intended by the parties at the time of its execution, and not a conditional sale. Eiland, adm'r v. Radford, 7 Ala. Rep. 724; Sewall v. Henry, 9 do. 24, and authorities there cited. The instrument shows that the note of Portis' was received as " *collateral security*" merely—Williamson *was not discharged from his indebtedness to Culpepper*, and the amount of Portis' note *was nearly double that of Williamson's*. That Portis' note was worth the *nominal* amount, is shown from the fact of its speedy collection by Culpepper. These circumstances show that it was intended as a pledge or mortgage, *and not a conditional sale*. See authorities, *supra*.

SELLERS, for defendant.

CHILTON, J.—This agreement does not admit of the construction placed upon it by the County Court. Indeed it is scarcely open for construction as to whether it was a conditional sale or security, since it expressly states that Culpepper holds the note " as collateral security for the sum of two hundred and ninety-five dollars and four cents, due the 1st November 1846." If, however, the subsequent provision in the contract, " that on failure of the plaintiff in error to pay that sum on the day it falls due, the defendant was to hold the note on Portis' as his own property," rendered it of doubtful import as to the intention of the parties, according to the rules of law by which we are to be governed in determining whether it was their intention to create a security merely, or make a

conditional sale, we have no difficulty in construing this to be the former. 1st—The vendor continued bound for the debt which was collaterally secured by the note of Portis'. 2d The note on Portis was for double the amount of the demand secured, and 3d—The transaction commenced by borrowing money. In Eiland, adm'r v. Radford, 7 Ala. Rep. 726, it is said, " where any of these facts are found to exist, they go far to show, in a doubtful case, that a mortgage, and not a conditional sale was intended." Much more then will the conclusion be strengthened when so many concur in establishing it. Davis v. Phelps, 7 Monroe, 635; Sewall v. Henry, 9 Ala. Rep. 24; Freeman v. Baldwin 13 Ala. Rep. 253-4.

The plaintiff brings his action of assumpsit, and says that the defendant in recovering the amount of the note from Portis has funds in his hands, after satisfying his demand against the plaintiff and the incidental expenses, to a considerable amount, which *ex equo et bono* belong to the plaintiff. We think it no answer to the action, that although the note on Portis was received as collateral security, yet on the plaintiff's failure to pay on a certain day, the note should belong to the defendant. This would amount to a forfeiture of double the amount of the demand, which the law regards as odious. Besides, to hold that the absolute property in the recovery vested in the defendant in error by the default in this case, would be to decide that what was intended and expressed to be a security for a loan merely became a conditional sale, from the form of the instrument as respects the forfeiture. It is well settled, that if a mortgage contain a clause converting it into a deed, if a sum of money is not paid, it does not thereby become a deed upon the happening of the contingency. Rankin v. Mortimer, 7 Watts, 372; 6 ib. 126; 8 Mass. 159. We think it very clear that the plaintiff is entitled to recover for the excess, after paying the demand for which the note of Portis stood as collateral and the expenses for collecting it. It follows that the charge asked should have been given, and that the court mistook the law in the charge given.

Judgment reversed, and cause remanded.