## SHERROD'S EXECUTORS *vs.* HAMPTON.

1. When a *scire facias* to revive a suit is issued against several executors, and executed on all save one, there is no discontinuance in proceeding without him, if the record does not show that he ever qualified ; and if the record shows that he died several terms before the trial was had, and that the cause was afterwards treated by all the parties as regularly in court, the irregularity (if any) is cured, and cannot avail on error.

2. A railroad company, of which both plaintiff and defendant were directors, transferred to the former, by resolution of the board of directors, a quarter's pay due from the Postoffice Department on a contract for carrying the mail,

Sherrod's Ex'rs v. Hampton.

(which contract was in defendant's name,) as collateral security for his endorsement of a note for the benefit of the company, which he subsequently paid ; and afterwards, by another resolution, transferred the same quarter's pay to defendant for the purpose of paying other debts, which defendant accordingly paid : *Held*, that plaintiff might maintain *assumpsit* for money had and received against the defendant, to the amount paid on the note.

Appeal from the Circuit Court of Lauderdale.
Tried before the Hon. Geo. D. Shortridge.

Assumpsit, on the common money counts, by Manoah B. Hampton against Benjamin Sherrod.   The defendant having died  pending the suit, a *scire facias* was awarded  to bring in his personal representatives, W. W. Watkins, Richard Jones, and Frederic A. O. Sherrod, which was returned " executed" as to Watkins and  Jones,  and " not found" as to Sherrod.— After several continuances and a change of venue, a trial was had at the October term, 1853, when, as the  judgment entry recites, the death of said F. A. O. Sherrod was  suggested, and the suit thereupon ordered to stand revived  against  the surviving executors ; and a judgment was then rendered, on the verdict of  a jury, in favor of  the plaintiff.

The bill of exceptions, taken by the defendants, is as follows :
" When this case  was regularly called,  L. P. Walker, an attorney of  the court, suggested to the court, as *amicus curiæ*, that the cause was discontinued, by the failure of  the plaintiff to issue an *alias sci. fa.* against F. A. O. Sherrod, one of  the executors of said Benj. Sherrod, on whom the original *sci. fa.* was (*not ?*) executed.   But the court overruled said suggestion, and held that the case  was properly in court ; and therefore exception was taken  to this  action of  the court.   It was admitted that Sherrod had  died in the fall of  1848.

" On the trial of  said cause,  there was evidence tending to show that, at the request of David Deshler, who was then the general  superintendent and  treasurer of  the Tuscumbia and Decatur Railroad  Company, a note for $1000  was executed on the 16th of  September, 1840, by Reese,  Fennell & Banks, dated September 16th, 1840, payable six months after date to David S. Goodloe, Sr., and endorsed by said Goodloe, M. Tarver, and M. B. Hampton ; that said note was executed and  endorsed for the  benefit of  said railroad company, and

was discounted for its use and benefit at the Decatur Bank, and the said company received the money therefor. The plaintiff then produced the minutes of the said railroad company, and read therefrom a resolution passed by the board of directors at a meeting held on the 18th of September, 1841, which is as follows : "Resolved, that the fourth quarter of the present year, due by the Postoffice Department, be transferred to M. B. Hampton, as collateral security on his endorsement on a note of $1000 made by Reese, Fennell & Banks, also a note for $100 made by W. A. Aiken, and two notes made by Greenville Burnett for $61 50." The plaintiff then introduced evidence tending to show that he paid off said note for $1000 to the Decatur Bank on the 8th September, 1842. The defendants then read in evidence from the said book of minutes a resolution passed by the said board of directors on the 16th February, 1842, which is as follows : "Resolved, that the said railroad company appropriate to the use of Benjamin Sherrod the proceeds of the two last quarters that may be due the company for the transportation of the United States mail, for the purpose of paying the following debts, viz., one due the Huntsville Bank for $900, one due T. Saunders for $300, for the hire of one negro two years, and one due John W. Swoope for $300, for the hire of negroes in 1841 ; making in all $1500." They also introduced evidence tending to show that, before the date of the last resolution, said Sherrod had assumed to pay the debts named in the resolution, and that he afterwards did pay them. It was in proof, also, that the draft from the Postoffice Department for the fourth quarter of the year 1841 bore date the 18th of March, 1842, and was made payable to said Benj. Sherrod, the said contract for carrying the mail being in his name.; and the said check was handed to said Sherrod by said witness, who was superintendent and treasurer of the company ; that Sherrod took it, and said that he would keep it as he had money to pay to the sheriff about that time, which the proof tended to show was the money mentioned in the last resolution in his favor. Said Sherrod refused, on the application of said Hampton made after the receipt by him of said draft, to transfer the same to him, or to pay over to him the proceeds, but received the same himself. At the time said

resolutions were passed by the board of directors, both Sherrod and Hampton were members of the board ; at the meeting at which the first resolution was passed, Hampton was present, and Sherrod absent ; and at the meeting at which the second resolution was passed, Sherrod was present, and Hampton absent.

" On this state of proof, the court charged the jury, that the whole case turned on the question, whether or not Hampton had paid off said note for $1000 ; and if they found from the evidence that he had paid said note, then they must find for the plaintiff. The defendants excepted to this charge, and also to the ruling of the court on the motion for a discontinuance ;" and they now assign these rulings of the court for error.

L. P. WALKER, and BELSER & RICE, for appellants :

I. The resolution of the 18th September, 1841, of the board of directors, was not a transfer, *per se*, of any interest, either legal or equitable, to Hampton, for the following (among other) reasons, to-wit : 1. The charter of the company does not authorize any such transfer, or any transfer to be made in any such manner.—See the charter ; Spyker v. Spence, 8 Ala. 333. 2. The resolution purports to transfer "the fourth quarter of the present year, due by the Postoffice Department." This is void for uncertainty. What is " the fourth quarter of the present year due by the Postoffice Department" ? To whom is that fourth quarter due by the department ? The court cannot add to or vary the terms of the written resolution. 3. If it was intended by the resolution to transfer a claim held by a contractor, on the Postoffice Department, then it is contended that such contractor cannot transfer such claim,—especially before it is due, before the end of the quarter, and before the service is performed by the contractor.— It is against public policy and such transfer is of no force, at least until assented to by the department.

II. But if the resolution was a transfer of any interest, it was not a legal interest but merely equitable. 1. "The railroad contract for carrying the mail" was in the name of Sherrod, (the original defendant in this suit,) who therefore held the legal title to all the money to be paid by the department

on the contract. The company, not having the legal title, could not transfer it by resolution or otherwise. 2. But if the contract for carrying the mail had been in the name of the company, and the resolution operative as a transfer, still such transfer could not invest Hampton with the right to sue the department or Sherrod, in his (Hampton's) own name. The suit, if maintainable, should, in that case, have been in the name of the company, for the use of Hampton.—Gookin v. Richardson, 11 Ala. 889. 3. Hampton was last endorser on the note. Sherrod was not a party to it. Sherrod and Hampton were both members of the company and the board. The note was to raise money for the company. There was no express contract, or express promise, between Hampton and Sherrod. Hampton founds his right on his endorsement of the note, and on his payment of the note. But he did not pay until 8th September, 1842—long after Sherrod had received the Postoffice draft and the money thereon—which issued in his name as contractor—and long after another resolution of the board appropriating the very claim to Sherrod which Hampton is seeking to recover from Sherrod. On the facts as proved, Hampton could not maintain the action, for there was no express promise to pay him, and the law would not imply one. It is clear Hampton did not legally own the money at the time Sherrod received it; and therefore the law cannot imply the promise to pay him.—Br. B'k at Montgomery v. Sydnor, 7 Ala.; Westmoreland v. Davis, 1 Ala.; Chenault's Adm'r v. Walker, 22 Ala. R. 275, 286 ; Tipton v. Nance, 4 Ala. 194.

3. The charge of the court is clearly erroneous,—for it gives Hampton a right to recover merely because he paid the note for $1000—a note which he had endorsed, and which, of course, he was legally bound to pay. Such payment alone cannot create in him a right to recover from Sherrod, who was not even a party to the note, and in no manner liable for its payment.

4. The suit was discontinued.—Drinkard v. The State, 20 Ala. 9 ; Griffin v. Osbourne, *ib.* 594.

WATTS, JUDGE & JACKSON, *contra :*

1. The action was not discontinued.—See Moore & Jones

v. Davidson, 18 Ala. 209, and the authorities there cited.— But, if at one time discontinued, this was waived by the appearance of the parties without objection.—See Kennedy v. Jackson, Minor's R. 137 ; Gilbert v. Lane, 3 Porter 267 ; Hair v. Moody, 9 Ala. 399.

2. Upon the facts stated in the record, it is clear that the plaintiff below had a better title to the money collected than the defendant's testator. Hampton was first in time, and has the best right.

3. It was not necessary that the charter of the corporation should, in express terms, authorize the transfer : this power is incident to the corporation, and may be exercised at any time, unless restricted by the charter.

4. The right of Hampton to recover the money is well established by principle and authority. When one man has money in his possession, which *ex æquo et bono* belongs to another, the latter may maintain an action in his own name to recover it, and the law implies the privity and promise.—See Hitchcock v. Lukens, 8 Porter 333 ; Gayle v. Benson, 3 Ala. 234 ; Houston v. Frazier, 8 *ib*. 81 ; Wilson v. Seargent, 12 *ib*. 221 ; Thompson v. Merriman, 15 *ib*. 166 ; Smith v. Tankersly, 20 *ib*. 212, and other authorities *passim*.

CHILTON, C. J.—1. There was no discontinuance by reason of failing to make F. A. O. Sherrod a party defendant ; for, although a *scire facias* issued against him as one of the executors, the record fails to show that he ever qualified as such ; but conceding that he did, it is shown that he died many terms previous to that at which the trial was had, and the cause was treated as regularly in court by all the parties in changing the venue, and divers continuances. We should be inclined to hold, that this was a waiver of the irregularity, if it was one ; but the death of F. A. O. Sherrod, before any objection was taken, frustrated it ; and as the proper parties were before the court when the case was tried, and for many times previous, the supposed irregularity has injured no one, and cannot avail as error.—See 18 Ala. 211.

2. There was no conflict of the proof, and the facts were undisputed ; hence the court charged the jury, that if Hampton had paid off the note for $1000, upon which he was surety

for the railroad company, he was entitled to recover. The charge presents the legal question, whether the collection of the money from the Government by Sherrod, after the demand had been transferred to the plaintiff Hampton, by.the resolution of the company, of which they were both members, entititles the plaintiff below to maintain this action.

The rule is, where one person receives money which, *ex æquo et bono*, belongs to another, an action of *assumpsit* for money had and received can be maintained by the latter. We. think there can be no question, that Hampton is in justice and equity entitled to this money—that is, to the extent of the amount paid by him upon the demand which it was transferred to secure. The subsequent transfer to Sherrod was. subordinate to the claim of Hampton ; and when the money was received by him, he held it in trust for the purpose declared by the resolution of the company of the 18th of September, 1841.— Sherrod must be presumed to have notice of the resolution of the company, of which he was a director, and to have taken the transfer, which was subsequently made to him, subject to the rights of Hampton, the prior transferree. The recovery by Hampton of this fund, coupled with the resolution of the company which transfers it to him, is a complete protection to Sherrod against any future liability to the company for the same ; and as the plaintiff is, as we have seen, in equity and good conscience entitled to it, this action—*assumpsit* for money had and received—lies for its recovery. If the resolution created no privity, the law itself would create both the privity and the promise, as may be gathered from numerous authorities both in this and other courts.—See the cases cited in Huckabee v. May, 14 Ala. 263 ; Hitchcock v. Lukens, 8 Port. 333 ; Price v. Pickett *et al.*, 21 Ala. R. 741 ; Clark v. Dignam, 3 Excheq. R. 478.

Let the judgment be affirmed.

Ligon, J., did not sit in this case.