## OVERSTREET vs. NUNN'S EXECUTORS.

[ACTION ON COMMON MONEY COUNTS.]

1. *When action lies for money had and received.*—When a debtor transfers and endorses to his creditor, as collateral security, a note on a third person, and afterwards pays his original debt in full, he may maintain an action at law against the creditor, to recover money collected on the transferred note before the payment of the original debt.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. PORTER KING.

THIS action was brought by James Overstreet, against L. B. Parker and M. C. Nunn, who were the executors of William Nunn, to recover money collected by them, as such executors, from one Wagner, on a promissory note which the plaintiff had transferred and delivered to said

Nunn as collateral security. The facts of the case are the same as in the other case between the parties, reported on page 649; and the bills of exceptions in the two cases are substantially, if not literally, the same. The money was collected by the defendants after the maturity of Wagner's note, but before the payment by plaintiff of his original debt to Nunn. The court charged the jury, that the plaintiff could not recover at law. The plaintiff excepted to this charge, and he here assigns it as error.

WATTS, JUDGE & JACKSON, for the appellant.

WM. L. YANCEY, with WM. H. NORTHINGTON, *contra*.

R. W. WALKER, J.—Putting out of view the evidence tending to show that the endorsement was made subject to the condition, that the note was to be returned to the plaintiff, on his repayment of the money borrowed from the defendant, it is plain that, on the undisputed facts, as disclosed by the bill of exceptions, the plaintiff was entitled to the money which the defendants had collected of Wagner. The note was endorsed and delivered to Nunn, as collateral security for the repayment of the money which he had loaned to the plaintiff. If this borrowed money had been repaid, before the defendant received the one thousand dollars paid by Wagner, this latter sum would very clearly have been considered as so much money deposited with the defendant, to be paid to the plaintiff. The right of the plaintiff to the sum thus received by the defendant, is not less perfect, because the borrowed money was repaid after the payment made by Wagner to the defendant. As soon as the sum loaned was repaid by the plaintiff, he became entitled, in justice and equity, to the amount which the defendant had collected from Wagner. The case falls clearly within the rule, that when one man has *money* in his possession, which, *ex æquo et bono*, belongs to another, the latter may maintain an action in his own name to recover it, and the law implies the privity and promise.—Sherrod v. Hampton, 25 Ala. 652; Hitchcock v. Lukens, 8 Porter, 333 ; Huckabee v. May, 14 Ala. 263; Boyd v. Taliaferro,

13 Ala. 424.; Vincent v. Rogers, 30 Ala. 475; Thompson v. Merriman, 15 Ala. 168; Price v. Pickett, 21 Ala. 741 ; Sessions v. Sessions, 33 Ala. 522; Williamson v. Culpepper, 16 Ala. 211, 213.

Judgment reversed, and cause remanded.