# Potts & Potts v. First National Bank of Gadsden.

*Action for money had and received.*

1.   *Action for money had and received; when maintainable.*—Where
one who buys a stock of goods, agreeing as a part of the consideration
to pay the debts of the seller, converts the goods into cash, an action
on the common counts for money had and received can be maintained
against the purchaser by one of the creditors whom he ageed to pay.

APPEAL from the City Court of Gadsden.
Tried before the Hon. JOHN H.  DISQUE.
This was an action brought by the appellee against
the appellants; and counted on the common counts.
The cause was tried without the intervention of a jury,
and upon the introduction of all the evidence, the sub-
stance of which is sufficiently stated in the opinion, the
court rendered judgment for the plaintiff.   The defend-
ants now appeal, and assign this judgment as error.

[Potts & Potts v. First National Bank of Gadsden.]

JAMES L. TANNER and W. H. DENSON, for appellants. The plaintiff could not recover in this action for money had and received, since a special contract was proven, and the plaintiff failed to declare on such special contract.—*Hitchcock v. Lukens*, 8 Por. 333 ; *Huckabee v. May*, 14 Ala. 263 ; *Mason v. Hall*, 30 Ala. 599. There is no privity between the parties to this suit.—*Sergeant v. Stryker*, 32 Amer. Dec. 404. Creditors can not recover in an action for money had and received, money deposited with a third person for the payment of their debts, unless there has been an express understanding between the debtor and creditor, assented to by the depositary, of which the creditor had notice, and in which he concurred before the money was received.—*Seaman v. Whitney*, 35 Amer. Dec. 618.

DORTCH & MARTIN, contra, cited *Huckabee v. May*, 14 Ala. 263 ; *Darden v. James*, 48 Ala. 33; *Beadle v. Graham*, 66 Ala. 99 ; *Maas v. Montgomery Iron Works*, 88 Ala. 324, 6 So. Rep. 701 ; *Ezell v. King*, 93 Ala. 473, 9 So. Rep. 534.

HEAD, J.—The parties have argued this case upon briefs, and it is not insisted by appellants that the finding of the lower court on the disputed facts is wrong. We have examined the evidence and are not prepared to say, ourselves, that there is error in that regard. The contention of appellants is that, upon the case made by the appellee's evidence, a recovery can not be had upon the common counts. The facts so shown are that Young & Herring, a partnership, being indebted to the plaintiff in the sum of $231, and to other parties, and being indebted also to appellants in a large sum, Young, with the consent of Herring, sold the stock of goods, &c. of the firm to the appellants, in consideration of which appellants paid him $1,000 in cash, and assumed and bound themselves to pay and discharge the outstanding debts of the partnership, including the discharge of their own claim, all aggregating $4,345.36, and the goods were delivered to appellants. It seems that the purchase was made for Herring, or with the view of their immediate re-sale to him ; and on the same day he, Herring, executed to appellants a mortage on the goods to secure sundry notes cotemporaneously executed, aggre-

[DeLoach v. Robbins.]

gating $4,345.36, maturing at sundry times in the future. It was stipulated in the mortgage that Herring should remain in possession of the goods and sell them out as agent of appellants and account and pay over to them, every month, all proceeds of sale, which it seems was done. There was also a general power of sale in appellants, after default in the payment of any of the secured notes; any surplus of the proceeds after paying the secured notes and expenses to be paid to Herring. The appellee's evidence also shows that at the time of the transaction its claims were produced by one of its officers or agents, and that Potts, acting for appellants, said they were all right. Appellants having refused to pay, this action was brought, the appellee relying upon the count for money had and received.

We realize the force of the argument against the maintenance of this form of action, upon the facts of this case, but under our decisions by which we are governed, we are forced to hold the action well brought. Appellants, in consideration of their promise to pay the claims of appellee against Young & Herring, received goods to cover the amount. They converted the goods into cash, or treated them as cash. The case is not distinguishable, in principle, from *Huckabee v. May*, 14 Ala. 263, which has been many times cited by this court and never departed from.—*Cullum v. Bloodgood*, 15 Ala. 40; *Hughes v. Stringfellow*, Ib. 326; *Carter v. Darby*, Ib. 699; *Hoyt v. Murphy*, 18 Ala. 319, *Sherrod's Ex'rs v. Hampton*, 25 Ala. 658; *Evans v. Carey*, 29 Ala. 110; *Stetson v. Goldsmith*, 30 Ala. 602; *Overstreet v. Nunn's Ex'rs*, 36 Ala. 667; *Webster v. Singley*, 53 Ala. 211; *Burkham v. Mastin*, 54 Ala. 125; *Henry v. Murphy*, Ib. 251; *Dryer v. Lewis*, 57 Ala. 555; *Dimmick v. Register*, 92 Ala. 460.

Affirmed.