[Sharpe v. Wharton.]

# Sharpe *v.* Wharton.

*Petition for Supersedeas of Execution.*

<div style="float:right">
85  225
98  609
85  225
100  248
</div>

1. *Attachment or garnishment of judgment debt.*—By statutory provision (Code, § 3338), a debt which has been reduced to judgment in the Circuit Court, is not subject to attachment or garnishment issued by, and returnable before a justice of the peace; and if the judgment debtor, in answer to such garnishment, admits the indebtedness, and suffers judgment to be rendered against him by the justice, he can not supersede an execution afterwards issued on the original judgment.

2. *Judgment against garnishee, as defense to action by creditor.*—A judgment against a garnishee, without satisfaction thereof, is no defense to an action by the creditor.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

The appellant in this case, C. F. Sharpe, applied by petition addressed to the presiding judge of the circuit, for a *supersedeas* of an execution for costs, which had been issued on a judgment of the Circuit Court, rendered against him and others, on the 5th March, 1884, in favor of B. B. Wharton. The petition alleged, as ground of relief, that one Wesson was a witness in said cause in the Circuit Court, his fees amounting to $33.90; that on the 13th September, 1886, a garnishment was issued by a justice of the peace against the petitioner, as a debtor of said Wesson, in favor of one Herzberg; that he answered the garnishment, admitting said indebtedness of $33.90, and the justice thereon rendered a judgment against him, in favor of said Herzberg, for that amount; and that the indebtedness to Wesson was included in the execution for costs afterwards issued from the Circuit Court. On motion of defendant, the court quashed the proceedings, and dismissed the petition; and this judgment is here assigned as error.

WM. L. WHITLOCK, for appellant.

DORTCH & MARTIN, *contra.*

SOMERVILLE, J.—1. The statute provides, that no demand or debt in any *court of record* can be attached under

15

[Ramagnano v. Crook.]

an attachment, or other process, issued by, and returnable before a justice of the peace.—Code, 1886, § 3338; Code, 1876, § 3686. The Circuit Court in this State is a court of record, and the debt here sought to be attached by process of garnishment had been reduced to judgment in that court. The justice was forbidden by the statute to subject it to the debt in this mode; and for this reason the petition for *supersedeas*, in which the appellant, Sharpe, sought to obtain the benefit of this illegal proceeding, was properly quashed and dismissed from the Circuit Court.

2. The action of the Circuit Court can be sustained on another ground. An *unexecuted* judgment against a garnishee will not, in this State, protect him against the enforcement of the same debt by the creditor. The garnishee must show that he has *satisfied* the judgment against him, in order to defend against the collection of it by the creditor; otherwise, as is said by ORMOND, J. in *Cook v. Field*, 3 Ala. 53, where this precise question was decided, "if an *unexecuted* judgment against the garnishee would be a bar to a suit against him by the original creditor, it might happen that he would not be compelled to pay the debt at all, as the judgment of the attaching creditor might never be enforced." A like view is taken by the courts of Pennsylvania, Maryland, Georgia, and Texas, although in several of the other States a contrary conclusion seems to have been reached. 1 Drake on Attachments (6th Ed.), § 708, and cases cited.

The Circuit Court did not err in quashing the petition for *supersedeas*, and dismissing it.

Judgment affirmed.