# American Mortgage Co. of Scotland v. Inzer.

*Action by Personal Representatives of ·Deceased Mortgagor to Recover Surplus Proceeds of Mortgage Sale in the Hands of the Mortgagee.*

1. *Demurrer upon which record shows no action.*—Where the record shows that there was a demurrer to a plea, but fails to show any ruling upon it, this court will treat the demurrer as abandoned, and consider that issue was joined on the plea. Evidence admissible to prove such plea rejected against objection, is reversible error.

2. *Rights and remedies of senior and junior mortgagees.*—In an action by the mortgagor against a *senior* mortgagee for surplus proceeds remaining in his hands after the foreclosure of his mortgage, it is no defense to such suit that the defendant is liable in an action to the *junior* mortgagee, without showing payment or satisfaction of said *junior* mortgagee's debt.

APPEAL from St. Clair Circuit Court.

Tried before the Hon. LeRoy F. Box.

This was an action of *assumpsit* brought by H. J. Inzer and Varina Inzer, as executor and executrix of the estate of Joseph Y. Inzer, deceased, against the American Mortgage Company of Scotland, Limited, to recover of said defendant an alleged surplus remaining in its hands after the satisfaction by foreclosure, under the power of sale, of a debt secured by a mortgage executed by plaintiffs' testator. The defendant, by special plea, sought to defeat the action by showing an outstanding junior mortgage upon the same property, made by the mortgagor, to secure a debt due to one Skaggs, greater in amount than the alleged surplus claimed by the plaintiffs. To this plea the plaintiffs demurred, but the record does not show what action or ruling was had on the demurrer. Issue was joined on the general issue, and on said special plea. During the trial the defendant offered to introduce in evidence the junior mortgage named in his special plea, to which the plaintiff objected. The court sustained the objection and the defendant excepted, and assigns this ruling of the court as error on this appeal, together with the action of the lower court in sustaining the plaintiffs demurrer to his said special plea.

[American Mortgage Co. of Scotland v. Inzer.]

CALDWELL BRADSHAW and JAS. E. WEBB, for appellant, cited *Webster & Wilson v. Singley*, 53 Ala. 208; *Eddy v. Smith*, 13 Wendell, 489.

INZER and MONTGOMERY, for appellees. (No brief.)

HEAD, J.—This is an action by the executors of a deceased mortgagor to recover from the mortgagee an alleged surplus of the proceeds of the sale of the mortgaged premises left in the hands of the defendant after full satisfaction of the mortgaged debt. Among others, the defendant interposed a special plea alleging that plaintiff's testator executed a second mortgage on the premises to W. H. Skaggs to secure an indebtedness greater in amount than the alleged surplus, which mortgage is in force and creates a valid lien on the premises, and that defendant is liable to said second mortgagee for the surplus. There is copied in the transcript a demurrer to this plea, but the record fails to show any ruling upon it. We are, therefore, forced to treat the demurrer as abandoned, and consider that issue was joined on the plea. This being so, the defendant was entitled to prove its plea, and in the effort to do so offered to introduce in evidence the said Skaggs mortgage, the execution of which was admitted in an agreed statement of facts. The plaintiffs objected to its introduction; the court sustained the objection, and the defendant excepted. This was error, for which the judgment must be reversed.

We are persuaded that, in fact, the court sustained the demurrer on the special plea referred to, but for some cause the record failed to show it; and that the only controversy between the parties, on that plea, was whether, in law, the defendant can defend against the plaintiffs' demand by showing its liability to the second mortgagee for the money in its hands, without an averment that the liability had been discharged by payment of the money to such second mortgagee. So impressed, we will indicate our opinion upon that question, that the litigation may not be unnecessarily protracted.

It is not denied that the second mortgagee, under the facts stated in the plea, is entitled to an action against defendant to recover the money which the plaintiffs seek to recover in the present action.—*Webster & Wilson v. Singley*, 53 Ala. 208, citing *Hitchcock v. Lukens*, 8 Port. 333; and *Huckabee v. May*, 14 Ala. 263; but, nevertheless, we are of opinion that the defense is not a good one. In *Sharpe v. Wharton*, 85 Ala. 225, following *Cook v. Field*, 3 Ala. 53, we held that a judgment against a garnishee, *without satisfaction*

39-98.

[Wadsworth v. Dunnam.]

*thereof*, is no defense to an action by the creditor. It was said that, "if an unexecuted judgment against the garnishee would be a bar to a suit against him by the original creditor, it might happen that he would not be compelled to pay the debt at all, as the judgment of the attaching creditor might never be enforced." We think the principle is the same here; indeed it applies with more force, if possible. The estate of the plaintiffs' testator is liable to Skaggs for the full amount of the mortgage debt, upon the personal obligation of the testator. Skaggs may, at any time, enforce this liability against the plaintiffs, to the extent of collecting the entire debt, without ever proceeding to collect from the defendant the said surplus arising from the mortgage sale, to be applied in diminution of his claim. To allow the defense here attempted would be to create an effectual bar to a recovery of the surplus by the plaintiffs, although they may hereafter be compelled to discharge the entire Skaggs debt.

Reversed and remanded.