# Lewis *v.* Robertson, *et al.*

### *Action of Assumpsit.*

1. *Unpaid judgment on garnishment no defense to third party sued for same debt* —The fact that one summoned as garnishee admitted an indebtedness to the principal defendant. and judgment was rendered against him, but not paid, does not prevent plaintiff from suing another person on the debt so admitted by the garnishee, and after-

[Lewis v. Robertson et al.]

wards assigned by the defendant to plaintiff, and from showing that such other person, and not the garnishee, is the real debtor.

2. *Evidence; admissibility of contract between defendant and third party.*—On the question whether defendant or one N. is the real debtor for lumber sold to N., and used to build a tramway to a quarry, a contract between defendant and a third person, reciting that defendant owns the quarry, is admissible. where there is evidence that defendant paid several bills contracted by N. to build the tramway, paid N.'s board bill while it was being built, and knew the use to which the lumber was being put, and that the account for the lumber was made out against defendant, and presented to him for payment.

APPEAL from the Circuit Court of Fayette.
Tried before the Hon. S. H. SPROTT.

McGUIRE & COLLIER, for the appellant.

JOHN B. SANFORD, and A. B. McEACHIN, for the appellees.

COLEMAN, J.—Mary F. and D. F. Robertson, executors, recovered a judgment against Legg & Son. H. M. Nicholls being summoned as garnishee, answered in writing that he was indebted to Legg & Son in the sum of one hundred and forty-eight dollars on an account for the purchase of lumber. Judgment was rendered against him upon his answer as garnishee. Neither of these judgments have ever been paid. After the rendition of these judgments, Legg & Son transferred and assigned for value to plaintiffs, Robertsons, an account against John A. Lewis the appellant. The plaintiffs, Robertsons, brought the present suit against Lewis, upon the account transferred and assigned to them. The defense attempted to be set up by the pleadings was, that the account against Lewis upon which the present suit was instituted, was for the identical lumber and goods upon which the judgment was rendered against the garnishee Nicholls. We fail to perceive what interest Lewis had in the garnishment proceedings against Nicholls. Lewis was not a party to any of these proceedings, neither his name nor his interest in any respect was brought to light in the garnishment case. If Nicholls voluntarily answered indebtedness, as garnishee, when in fact he was not, that was his own fault. He has certainly paid nothing on the judgment against him. If Lewis was the real debtor, owed the debt to Legg & Son, he was not relieved of his liability, by the proceedings against the garnishee, Nicholls. Conceding that Lewis was the real debtor, Nicholls has shown no cause of action against him, and under the facts in evidence, if he had paid the judgment, he would be without remedy

against Lewis. Had plaintiffs garnished Lewis before the transfer of the debt, his answer admitting the account and setting up as a defense the unpaid judgment against Nicholls, would not have entitled him to a discharge. Without payment, the judgment in garnishment, had it been against Lewis himself, would not have protected him in a suit upon the original cause of action.—*Sharpe v. Wharton*, 85 Ala. 225.

Whether or not Lewis owed the debt, was a disputed question of fact, the determination of which was properly left to the jury. There was evidence tending to show that the contract for the purchase of the lumber from Legg & Son, was made by Nicholls in person. Plaintiffs' contention was that both Lewis and Nicholls were liable, and, if not, then Nicholls was the agent of Lewis in the purchase of lumber. Evidence was introduced tending to show that the lumber was used to build a tramway leading to a rock quarry that was being worked; that Lewis was present, knew the use to which the lumber was applied; that Lewis had paid several bills contracted by Nicholls, to build said tramway, and the board bill of Nicholls accruing while it was being built, that the account was made out by Legg & Son against Lewis, and presented to him for payment before the present suit. There was no objection to this evidence. The plaintiff then introduced in evidence against the objection of the defendant, a written agreement signed by the said Lewis and one Vick. The body of the agreement purports that it was made by "John A. Lewis and H. M. Nicholls, parties of the first part" and "Henry Vick party of the second." Only Lewis and Vick signed it. The agreement declares that "Whereas John A. Lewis, owns a rock quarry near Sipsey station on the Ga. Pac. R. R., and whereas said John A. Lewis and H. M. Nicholls parties of the first part are desirous of developing the same, do by these presents covenant," &c. In connection with the other facts of this case, there was no error in the admission of this agreement. It threw light upon the facts of the case. It tended to show, that Lewis was interested in the development of the rock quarry, and the uses to which the lumber was applied, and although not signed by Nicholls, other liabilities incurred by Nicholls in the building of the tramway were recongnized and paid by Lewis.

The deposition of the witness G. C. Legg, introduced by defendant, though not consistent with itself throughout, in answer to the 3d cross interrogatory, he testifies "This debt was *bona fide* transferred by our firm to plaintiffs. The amount due by Lewis was one hundred and ninety one $\frac{88}{100}$ dollars."

[Birmingham Loan & Auction Co. v. First Nat. Bank of Anniston.]

Under the evidence the general charge for the defendant was properly refused. There is no error in the record.

Affirmed.