[Bomar v. Rosser.]

# Bomar *v.* Rosser.

*Action on Bonds.*

123  641'
131  277

1. *Immaterial issues made material, when* —Though issues in a cause may be inherently false and immaterial, the parties may make them true and material by presenting them and trying the case upon them.

2. *Evidence; when irrelevant.*—Where the issue in a cause was whether the defendant represented to plaintiff that a person named had purchased an interest in a patent right, testimony that defendant told a witness that such purchase had been made, involves no legitimate tendency to prove that he had made a like statement to plaintiff, and is inadmissible.

3. *Replication; when defendant should rejoin.*—Where a defendant pleads as a set-off to plaintiff's demand a note executed by plaintiff, and takes issue on plaintiff's replication that the note was without consideration and the replication is proven, the defendant can not recover on his plea of set-off. If defendant desired to rely upon the purchase of the note for value without notice, etc., he should have rejoined to this replication instead of taking issue upon it.

4. *Same; when plaintiff entitled to recover.*—Where a plaintiff replies to a plea of set-off interposed by the defendant that the note so pleaded was given for an interest in a patent right and that defendant procured plaintiff to give said note on the false and fraudulent representation that another person had purchased an interest in said patent right or would do so, the plaintiff is entitled to recover if the facts averred in such replication are proved, without regard as to whether the property for which plaintiff gave his note was valuable or of no value.

5. *Affirmative charge; when not to be given.*—When the evidence tends to support a replication to a plea upon which the defendant took issue, the affirmative charge in favor of the defendant should not be given.

6. *Charges; when properly refused.*—Charges which are argumentative, or which tend to mislead the jury to a conclusion not warranted by the pleading and evidence, or which assume facts that should be referred to the determination of the jury, are properly refused.

41

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

This action was brought by the appellee, D. E. Rosser, against R. R. Bomar; and counted upon three bonds, executed by the defendant to the plaintiff. The pleadings in the case are sufficiently stated in the opinion.

Upon the trial of the case, the plaintiff introduced the three bonds sued on, which were signed by the defendant, and in which he promises to pay to the plaintiff the several amounts claimed.

The defendant introduced in evidence a note for one hundred dollars, which was given by the plaintiff, D. E. Rosser, to one James Harlan, on November 1st, 1898, payable thirty days after date.

The defendant as a witness in his own behalf testified that the note of Rosser to Harlan was given for the purchase of a one-tenth interest in the right to sell a patent churn in the State of Alabama, and that he, the defendant, purchased said note from Harlan before the institution of the present suit, and he was the owner thereof at the time of giving his testimony. The defendant also testified that the plaintiff was indebted to him in several amounts for articles of merchandise sold him, also for the use of his office, medical books and for tuition, and the rent of a house. There was introduced in evidence a deed of patent, by which James Harlan transferred to D. E. Rosser a one-tenth interest for the sale of a patent churn in Alabama, for the purchase of which D. E. Rosser executed his said note. The defendant and other witnesses testified that they purchased a like interest in the patent right and gave their notes therefor.

The plaintiff, in rebuttal, introduced evidence tending to show that he was induced to purchase the one-tenth interest in said patent right by Harlan and the defendant Bomar; that the defendant, at the time he was trying to induce him, the plaintiff, to purchase a one-tenth interest, represented to the plaintiff that Bob Smith, Cothran and Morrison had each purchased a one-tenth interest in said patent, and that upon this representation he, the plaintiff, purchased the one-tenth interest.

The testimony of the plaintiff in his own behalf, and other witnesses introduced by him, tended to show that the patent itself was worthless, and of no value.

The plaintiff introduced one Joe Cothran as a witness, who testified that he stated to Dr. Bomar and James Harlan that he would come down to Dr. Bomar's house and examine the patent, and thought that he would take a share (a one-tenth interest) in the patent; that he did go down, but did not, and never agreed to, take a share therein, inasmuch as he regarded the patent worthless. The plaintiff then asked this witness the following question: "Did Dr. Bomar tell you that Bob Smith had taken a share in this patent?" The defendant objected to this question, because, it called for irrelevant, illegal and immaterial evidence. The court overruled the objection and the defendant duly excepted. The witness answered that his recollection was that he did tell him that Bob Smith had taken a share. The defendant, upon being re-introduced as a witness testified that he did not tell the plaintiff that Smith, Cothran and Morrison had each taken a share, and that he did not make any false representations to induce the plaintiff to purchase a one-tenth interest in said patent.

Upon the introduction of all the evidence, the court at the request of the plaintiff, gave to the jury the following written charges: (1.) "The court charges the jury that if they believe from the evidence that the patent right sold to Rosser is worthless then Bomar can not off-set the note for $100." (2.) "The court charges the jury that if they believe from the evidence that Bomar told the plaintiff that Bob Smith had bought stock in the patent right, or that Bob Smith was going into the same, that such representations were false, fraudulent and material to the contract in this case, and that Rosser, induced and controlled thereby, took stock in said patent right, then Rosser is not liable, and the note for $100 to Harlan and transferred to Bomar can not be off set against plaintiffs." To the giving of each of these charges the defendant separately excepted, and also separately excepted to the court's refusal to give each of the following charges requested by them: (1.) "The defendant asks the court to charge the jury that if they

believe the evidence in this case, they must find the $100 liable to be offset against the demand of the plaintiff."

(2.) "The defendant asked the court to charge the jury that mutual debts, liquidated or unliquidated demands, subsisting between Dr. Bomar and Mr. Rosser at the commencement of this suit, may set off one against the other whether the legal title be in Dr. Bomar or not."

(3.) "The court charges the jury that the law of set-off, the defense offered in this case, is a very broad one, and the defendant in this case is entitled to any claims, off sets or discounts had or possessed against the plaintiff at the commencement of this suit. And if he has proved that he possessed the same, then the jury should set off one against the other."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the court to which exceptions were reserved.

H. W. CARDEN, for appellant.

McCONNELL & McCONNELL and E. R. WHITE, *contra.*

McCLELLAN, C. J.—The record of the trial court as presented in the transcript before us contains and embraces only the summons, the complaint counting on three several bonds for the payment of money executed by Bomar, the defendant, to Rosser, the plaintiff, and the judgment entry in favor of plaintiff for one hundred and thirty-two and 06-100 dollars. It does not appear by the record that defendant interposed any plea whatever. It does, however, appear by the bill of exceptions that the defendant interposed a plea numbered 1, the nature of which is not disclosed but which may be assumed to have been the general issue, and also pleas of set-off, numbered 2 and 3, and the averments of these pleas appear in like manner. Plea 2 thus shown set up that plaintiff owed the sum of $44.64 by account for "goods, wares and medical services furnished by defendant to plaintiff, and for use of medical books, medical tuition and for house and garden rent." The third plea counts in set-off upon a note for one hundred dollars executed by the plaintiff to one Harlan, and by the latter transferred to the defendant. To this plea there were

[Bomar v. Rosser.]

the following replications which were by consent stated orally in open court: "1st. That the note was without consideration. 2d. That the consideration of the note had failed. 3d. That the defendant procured said note from plaintiff by false and fraudulent representations. 4th. That said note was given for an interest in a patent right, and said defendant procured said plaintiff to give said note on the false and fraudulent representation that Bob Smith had purchased an interest in said patent right, or would do so. 5th. Said note was given for an interest in a patent right, and defendant procured plaintiff to give said note on the false and fraudulent representation that George Morrison and Joe Cothran had each agreed to take a share in said patent right." It further appears by the bill of exceptions that plaintiff took issue on the second plea, and that defendant took issue upon said replications to the third plea, and that the trial was had upon these issues. That these were the issues submitted to the jury appears also from the course of the trial, the evidence adduced upon either hand without objection and the requests by the parties respectively for instructions to the jury. Under these circumstances we will consider the case as if the record of the trial court properly showed formal pleadings resulting in the making of these issues, though we would, perhaps, be justified in considering the case as upon the complaint and general issue.—*Kansas City, Memphis & Birmingham Railroad Co. v. Crocker*, 95 Ala. 412, 430; *Richmond & Danville Railroad Co. v. Farmer*, 97 Ala. 141; *Louisville & Nashville Railroad Co. v. Mothershed*, 97 Ala. 261; *Kansas City, Memphis & Birmingham Railroad Co. v. Burton*, 97 Ala. 240.

We do not pass upon the question whether any of the issues which the parties thus made were false and immaterial issues. Though some of them may be inherently false and immaterial, the parties for the purposes of the trial below and of this appeal have made them true and material issues by presenting them and trying the case upon them. Nor is there any warrant for our taking only some of the issues shown by the bill of exceptions to have been made by pleadings filed, and rejecting others shown by the same means to have been made in the same way.

One of the issues was whether defendant represented to plaintiff that Bob Smith had purchased an interest in the patent right referred to in the replications to the third plea; but there was no issue in the case as to whether the defendant had told Joe Cothran that Bob Smith had taken a share in the patent, and the fact that he had so told Cothran involved no legitimate tendency to prove that he had made a like statement to the plaintiff. The testimony of Cothran on this matter should, therefore, have been excluded.

The first charge given for the plaintiff asserts that if there was no consideration for the one hundred dollar note, or, in other words, that if the patent right for which the note was given was worthless, the defendant could not set it off against plaintiff's demand. This was only to say that if the replication of want of consideration had been proved defendant could not recover on his plea of set-off; and there can be no doubt of the correctness of that proposition. If defendant desired to rely upon purchase of the note for value without notice, etc., he should have rejoined to this replication instead of taking issue upon it.

And so with respect to the second charge given for plaintiff: It hypothesized the facts set up in the 4th replication, and instructed the jury to find for plaintiff as to the matter involved in the third plea if they believed the facts averred in said replication. Whether the patent was valuable or worthless was not averred in this replication, and the plaintiff was entitled to recover on the facts which were averred in it, if proved, wholly regardless of the consideration that the property for which plaintiff gave his note to Harlan was valuable or of no value.

The evidence on the part of the plaintiff tended to support the averments of his replication to plea 3, and hence, of course, defendant was not entitled to the affirmative charge on that plea.

Charges 2 and 3 refused to the defendant are in some degree argumentative. They each tend to mislead the jury to the conclusion that the one hundred dollar note should be set-off against plaintiff's demand notwith-

[Davis v. Jones.]

standing the defenses made against that note by the replications had been proved. Charge 2 assumes that there were mutual debts subsisting between the parties, when this was a question for the jury. Each of these charges was properly refused.

For the error committed by the trial court with reference to the testimony of Cothran, pointed out above, the judgment must be reversed. The cause is remanded.

Reversed and remanded.