# Central of Georgia Railway v. Lamb, *pro ami.*

*Action for Damages for Negligence of Co-employe.*

1. *Employer; when liable for negligence of co-employe.*—An employer is not liable to an employé for injuries resulting from the negligence, or from the wanton or willful wrong-doing of fellow employés, except in the instances provided for in the statute known as the Employer's Liability Act. Code, § § 1749-51.

2. *Charge on wantonness; when error.*—Where suit is brought by an employé against his employer to recover damages resulting from the negligence of a fellow-employé, and the complaint undertakes to charge willfulness, wantonness and the like, but fails to charge such misconduct against anybody for whose fault the defendant is responsible, the court should not submit to the jury at all the inquiry whether the plaintiff is entitled to recover for wantonness and the like on the part of defendant's employés, and it commits error if it does so either *ex mero motu* or by charges requested by the plaintiff.

3. *Negligence; when plaintiff may recover notwithstanding his.*—If a plaintiff who sues for negligent injury was himself negligent and his negligence contributed to his injury, it would not necessarily follow that he could not recover, even though there be no charge of willfulness or wantonness in the case, for if a person for whose negligence the defendant is responsible *after becoming aware* of the perilous position of plaintiff, fails to resort to the means at hand to conserve his safety, and in consequence of such failure the injuries complained of were received, there might be recovery notwithstanding plaintiff's original negligence.

APPEAL from Lee Circuit Court.

Tried before Hon. J. M. CARMICHAEL.

This is an action brought by Robert Lamb by next friend against the Central of Georgia Railway Company, and seeks to recover damages for injuries alleged by the plaintiff to have been caused to him while in the employment of the defendant, by another employé of the company. The plaintiff was working with A. B. Cole-

man, who had charge of an extra force of hands.  These hands in going to their work had to cross a trestle of considerable length.  On the morning the injury occurred to plaintiff, he and others started from their camp on one side of the trestle to their work on the other side. They had to pass a tool house where the working tools were kept, and also two push cars.  On one of these cars Coleman and a number of the hands went to the place of work; but there being no room for all to ride, the plaintiff and two or three others started in advance of the car to walk.  Just before reaching the trestle the car passed them and Coleman called out to them to wait and get on the other car.  They did not wait, but proceeded to cross the trestle, and while he was on it the plaintiff was struck by the other car and thrown down a considerable distance and severely injured.  The second car was in charge of Taylor, the section master.  It is unnecessary to further state the facts, as it will be seen from the opinion that the errors passed on were errors arising from the insufficiency of the several counts of the complaint, and the points considered are clearly stated in the opinion.

GEO. P. HARRISON, for appellant.

SAMFORD & SON, *contra.*

. McCLELLAN, C. J.—An employer is not liable to an employé for injuries resulting from the negligence, or from the wanton or willful wrong-doing of fellow employés except in the instances provided for in sections 1749-1751 of the Code, known as the Employer's Liability Act.  Each count of the complaint in this case avers that the plaintiff was an employé of the defendant, and that he sustained the injuries of which he now complains while engaged in that employment.  The first count ascribes the injuries to defective appliances for controlling the speed, stopping etc. etc. of the hand or "push" car which, it is averred, collided with the person of the plaintiff, knocking him from a high trestle, etc. etc. and this count states a good cause of action; but there was no evidence adduced to sustain its averments, and, on

the other hand, the defendant disproved its averments in respect of the defects counted on. So that on this count the defendant was entitled to the affirmative charge.

The second count avers that the injuries complained of "were caused by the negligence of the running of said hand car by some one in the employment of the defendant." But it is not averred that that some one of defendant's employés was in charge of the hand-car, nor is any other fact averred to bring the injuries within the exceptional liability of the common employer for the wrongs of fellow servants created by the act above referred to: On the averments of the count the plaintiff suffered through the negligence of a fellow servant for which the defendant is not responsible, and hence no cause of action is set forth.

And so with the third count. It is therein averred that plaintiff "while going to his work, to which he was ordered to go by one Coleman, whose given name is unknown to plaintiff, who was the defendant's agent or employé in charge of the extra work at the time, and to whose orders plaintiff at the time of the injury was bound to conform, he, the plaintiff, was run down by the hand-car under the management and control of one Mark Taylor, who was defendant's section master, while he was necessarily walking on a trestle going to his work," etc., and was knocked by the car from this trestle and injured, etc. etc., "on account of the negligence of the defendant's agents," all which "resulted from his so conforming to the said orders of said section master." Now Coleman, the only man here alleged to have given any orders, was not the section master; so that there is really no averment that the injuries resulted from conformance to the orders alleged to have been given. But this is of secondary importance in the discussion we are now indulging. The paramount fault of the count, that which emasculates it of any pretence of averment of a cause of action, is its omission to aver any negligence on the part of the person who gave the orders to which Lamb, the plaintiff, was bound to conform and to ascribe the injury to such negligence. Instead of this essential averment it is alleged that the injuries resulted from the negligence of defendant's agents, without other specification. This

palpably fails to bring the case within the category of defendant's liability for the negligence of certain of its servants specified in the statute, and at best seeks to impose liability for the negligence of fellow servants at large for whose negligence the defendant is under no liability. No cause of action is averred in this count.

The fourth count is only faulty as an averment of negligence on the part of defendant's section master as an employé in charge of the hand or "push" car, and of resulting injury to the plaintiff in that it fails to aver the name of such person in charge of the car, or that his name is unknown to plaintiff, and the demurrer interposed to it does not point out this defect.

What is said above as to the absence of any evidence to support the first count applies also to the fifth. This latter is bad for want of an averment that the defect alleged arose from or had not been discovered or remedied by reason of the negligence of the defendant or of some person in its employment charged with the duty of seeing that the ways, works, machinery and plant of the defendant were in proper condition.

The 6th count was intended, we suppose, to charge wantonness, recklessness etc. against the defendant's section master alleged to have had control and management of the push car which ran against the plaintiff; but it fails to do so. It should have averred the name of the section master, that he was "in charge" of the push car, that the car was on the track of a railway and that the injury was caused by the wantonness etc. etc. of said section master etc. etc. It really avers none of these things, and it ascribes the injury to the grossly negligent, wanton and reckless running of the car without averring that the man in charge of the car, the only man on the car for whose negligence or wantonness the defendant was responsible, was guilty of the wanton and reckless conduct which caused the injury. The count in other words, besides its other and less important defects, fails to charge any fault or misconduct upon any person for whose wrong the defendant was answerable to the plaintiff, and therefore, of course, it too fails to state any cause of action.

The 7th count was also intended to charge willfulness, wantonness etc. etc. but like the 6th it is bad in several particulars and falls entirely short of stating a cause of action in that the only wrong counted on is that "of defendant or its agents," which is no better than to have said "the defendant's agents" and that in turn is in legal effect the same as to have ascribed the wrong to fellow-servants of the plaintiff for whose wrong-doing the defendant is not liable to the plaintiff.

These two counts, the 6th and 7th being the only counts which undertake to charge willfulness, wantonness and the like against anybody, and neither of them in point of fact charging such misconduct against anybody for whose fault the defendant is responsible—each of them failing in other words to state a cause of action—the trial court should not have submitted to the jury at all the inquiry whether the plaintiff was entitled to recover as for wantonness, recklessness and the like on the part of defendant's employés, and it erred in so doing in its charge given *ex mero motu* as also in giving charges on this subject at plaintiff's request to each of which and to the parts of the general charge bearing on this matter the defendant excepted.

We deem it unnecessary to pass upon the other exceptions reserved for our consideration further than is involved in the expression of our opinion that on the trial below the question whether plaintiff was guilty of negligence in attempting to pass over the trestle was under all the circumstances for the consideration and determination of the jury and, for the purposes of another trial, we will add that although it should be found that plaintiff was negligent in that regard and that his negligence contributed to his injury, it would not necessarily follow that he could not recover, even though there be no charge of willfulness or wantonness in the case, for if a person for whose negligence the defendant is responsible *after becoming aware* of the perilous position of plaintiff on the trestle *negligently* failed to resort to the means at hand to conserve his safety, and in consequence of such failure the injuries complained of were received there might be recovery notwithstanding plaintiff's original negligence—if the jury found it to be negligence—in go-

[McIntyre v. White.]

ing upon the trestle.—*Fanner's Extrs. v. Louisville &
Nashville Railroad Co.*, 60 Ala. 621; *Louisville & Nash-
ville Railroad Co. v. Brown*, (MS.).
    Reversed and remanded.