# Memphis & Charleston Railroad Co. v. Martin, Admr. etc.

*Action against a Railroad Company by Administrator to recover Damages for the alleged Negligent killing of Intestate.*

1. *Pleading and practice; sufficiency of judgment upon demurrer.* The recital in a judgment entry that demurrers to pleadings are overruled or sustained, as the case may be, without words of adjudgment by the court, are insufficient as a judgment upon such pleadings, and will not be reviewed on appeal.

2. *Same; same.*—Bench notes or memoranda or statements by the clerk, relative to the filing of demurrers to certain pleadings, and the court's ruling in relation thereto, do not constitute the judgment of the trial court upon such pleadings, nor do they constitute any evidence for the Supreme Court of any action taken by the court below upon such pleadings, nor even of the interposition of the demurrers to such pleadings; and, therefore, can not be considered on appeal for any purpose.

3. *Same; effect of taking issue upon immaterial plea.*—Where the plaintiff takes issue upon pleas which present improper or immaterial issue, upon the proof of such pleas, the defendant is entitled to judgment; although by reason of their insufficiency or immateriality, demurrers would have been sustained if properly interposed.

4. *Contributory negligence; what necessary to constitute a defense.*—In an action against a railroad company to recover damages for the alleged negligence of the defendant, contributory negligence of the plaintiff, which will bar his recovery, must be such as that it caused the injuries complained of,

or proximately contributed thereto; and where the negligence of the plaintiff was merely the cause of a condition upon which the negligence of the defendant or its employees, in failing to use the means within their power to avoid the injury after becoming aware of the plaintiff's peril, operated as the sole, proximate cause of the injury complained of, such negligence on the part of the plaintiff will not prevent a recovery.

5. *Same; when recovery can be had notwithstanding proof thereof; question for the jury.*—In an action by an administrator against a railroad company to recover damages for the death of his intestate, alleged to have been caused by the negligence of the defendant, if the evidence shows that the deceased was guilty of contributory negligence, the plaintiff may recover, notwithstanding such negligence, if it is further shown that the defendant, after becoming aware of the intestate's peril, in time to avoid inflicting the injury by the proper use of preventive means at his command, yet inadvertently or negligently failed to resort to such means; and where there are diverse tendencies. of the evidence in reference to these facts, the question is properly submitted to the jury.

6. *Action for negligence against railroad company; when question as to wanton or willful negligence should be referred to the jury.*—In an action by an administrator against a railroad company, to recover damages for the alleged negligent killing of the plaintiff's intestate, who was run over by one of the defendant's trains at a publice crossing, where the testimony as to the speed of the train was in conflict, but it is shown that the accident occurred at a public crossing of the defendant's track in a town of 500 inhabitants, and that the people crossed at that place in great numbers, which facts were known to the servants of the defendant who were in charge of the train, these facts do not constitute wanton negligence as matter of law; but the question as to whether they constitute wanton negligence should be submitted to the jury for its determination, from the consideration of such evidence, together with the further evidence tending to show that the defendant's servants were recklessly indifferent in their conduct as to the intestate's safety, after they discovered her peril.

7. *Appeals; when assignments of error not considered.*—Where counsel for appellant, in his brief, does not argue or discuss certain assignments of error which are based upon the rulings of the trial court, such assignments of error will, on appeal, be treated as waived. and will not be reviewed by the appellate court.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellee, George B. Martin, as the administrator of the estate of Nancy Martin, deceased, against the appellnat, the Memphis & Charleston Railroad Company, to recover damages for the alleged negligent killing by the defendant of the plaintiff's intestate, the damages sued for, as fixed in the complaint being $30,000.

The counts of the complaint and the averments of negligence contained therein on the trial of the case from which the present appeal is prosecuted are sufficiently stated in the opinion. The rulings of the court upon the pleadings are also sufficiently stated in the opinion.

The defendant interposed the following pleas: "1. The defendant for plea and answer to the complaint as a whole and to each count thereof separately says: That it is not guilty in the manner and form as alleged." 2. "For further plea and answer to each of said counts separately, defendant says: That plaintiff's intestate was herself guilty of negligence which approximately contributed to cause her death, in this, that she attempted to cross said track in front of said moving train without stopping to look or listen for the approach of trains on said track, and by reason of her own negligence in this respect was struck and killed." "3. For further plea and answer to each of said counts, separately, defendant says: That plaintiff's intestate, before attempting to cross the track of this defendant at said road crossing at the time mentioned in the complaint, heard or saw the train of this defendant coming towards her and towards said crossing, and, notwithstanding this, attempted to cross said track in front of said moving train, and by reason of her own negligence in this respect proximately contributed to produce her own death." 4. " For further plea and answer to each of said counts, separately, defendant says: That plaintiff's intestate was herself guilty of negligence so gross and reckless as to be the equivalent of willful injury to herself in this: That she attempted to cross said track in front of defendant's moving train, well knowing that said train was approaching and in such close proximity that no preventive efforts on the part of

the employees or servants in charge thereof could have prevented the injury afterthe peril of plaintiff's intestate became known to them, or after she stepped on the track on which the train was approaching." "5. For further plea and answer to each of said counts, separately, defendant says: That plaintiff's intestate voluntarily left a place of safety between the side-track and the main train of defendant at said crossing and, from which position between said tracks her view of the approaching train was unobstructed, and, well knowing that defendant's train was rapidly approaching said main track, she measured the distance and took the chances and attempted to cross said track immediately in front of said rapidly moving train, and in such close proximity thereto that no preventive efforts on the part of the employees of the defendant in charge of said train could have prevented the injury to her, and by her own gross and reckless negligence and wanton conduct in this regard, proximately contributed to produce the injury complained of."

On the trial of the cause the evidence showed the following facts: The plaintiff's intestate was killed in the incorporated town of Madison, in Madison county, Alabama, on April 8, 1891. The population of this town, at the time of the accident, was about 500. The defendant's line of road ran east and west through the town, and divided it, and the stores and residences and other houses were on the north and south side of the railroad track. A public road crossing and pass way, which was the main thoroughfare of the town, crossed the track at right angles, and it was at this crossing the plaintiff's intestate received the injuries from which she died. The postoffice and calaboose of the town were on the north side of the railroad track and a short distance east of the public crossing. From the calaboose and the postoffice leading down to the side track which ran along and north of the main track of the defendant, there was a growth of oak trees with low and outspreading branches. Two box cars, left by the defendant's employees, were standing on this side track and were located east of the public crossing where the accident occurred. Mrs. Martin's residence was on the south side

of the track. On the afternoon of April 8, 1891, Mrs. Martin, the deceased, had been visiting some friends who lived north of the railroad crossing, and but a short distance from the railroad track. On returning to her residence, which was south of the railroad crossing, and while crossing the defendant's track at the public crossing, she was run over by an engine drawing twenty-eight freight cars on the defendant's main train. The train that struck Mrs. Martin was running from east to west, and Mrs. Martin was not standing or walking along the railroad track, but was crossing it from the north side to the south side.

The evidence for the plaintiff tended to show that pedestrians and vehicles crssed and re-crossed the railroad track at the public crossing in the town of Madison, where Mrs. Martin was killed, frequently and in large numbers, and at all times during the day; that the public crossing where the accident occurred, was the main thoroughfare of the town; that the employes of defendant in charge of the train that killed Mrs. Martin had frequently passed and re-passed the public crossing, and were familiar with the same, and knew that people were accustomed to use it as the principal thoroughfare of the town; that the whistle of the engine did not blow or the bell ring at short intervals on entering into, while moving within, or passing through the town, nor did the whistle blow or the bell ring before the engine reached the public crossing; that the growth of trees, the postoffice, calaboose, and box cars on the side track obscured the view of Mrs. Martin of the train coming from the east, as she came down the public road from the residence where she had been visiting, to cross the track; that Mrs. Martin stopped and looked up and down the track just before she reached the main crossing; that the train was a through freight, and passed over the public crossing at the rate of speed from 20 to 35 miles an hour.

The testimony for the defendant tended to show that the train which ran over and killed the plaintiff's intestate was running at the rate of from 8 to 10 miles an hour; that the track from the crossing east and west was straight for a mile or more, that for one-quarter of

a mile before reaching the crossing the track was down grade; that there was a distance of 8½ feet between the main track and the side track, which was north of the main track; that a person standing between the side track and the main track and looking east could see a train coming for more than a quarter of a mile; that the train which caused the accident was making a great deal of noise; that the engineer did not see the plaintiff's intestate until within about fifty feet from her; that she was walking towards the main track, and that she did not stop and look either up or down the track; that as soon as the engineer saw that she was going to try to cross, he reversed the engine, called for brakes, and did all in his power to stop the train and avert the injury; that the engine was in good condition, was well equipped, and that it was impossible for the train to have been stopped by the use of all means known to engineers, after the engineer saw that Mrs. Martin was going to cross the track.

The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff, assessing his damages at $8,000. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

HUMES, SHEFFEY & SPEAKE, for appellant.—"A person who, on approaching a place where two railroad trains had met and were standing, attempted to cross the tracks, without stopping to look and listen, is injured by one of the engines moving slowly behind him, is guilty of contributory negligence which bars a recovery, unless the evidence also shows such negligence on the part of the person or persons in charge of the train as is the legal equivalent of willful or intentional wrong; and the mere failure to blow the whistle or ring the bell, as required by statute, is not such negligence."—*E. T. V. & G. Ry. Co. v. Kornegay*, 92 Ala. 228; *Ga. Pac. Ry. Co. v. Lee*, 92 Ala. 262; *H. A. & B. R. R. Co. v. Sampson*, 91 Ala. 560; *Leak v. Ga. Pac. Ry. Co.*, 90 Ala. 161; *L. &*

*N. R. R. Co. v. Webb,* 90 Ala. 185; *L. & N. R. R. Co. v. Crawford,* 89 Ala. 240; *Frazer v. S. & N. R. R. Co.,* 81 Ala. 185; *Gothard v. A. G. S. R. R. Co.,* 67 Ala. 114; *Pannell v. N. F. & S. R. R. Co.,* 97 Ala. 298; *H. A. & B. R. R. Co. v. Maddox,* 100 Ala. 618; *L. & N. R. R. Co. v. Richards, Ib.* 365; *Chewning v. Ensley Ry. Co., Ib.* 493. The neglect of the engineer to ring the bell or blow the whistle on nearing a highway crossing will not relieve a traveler from the duty to look and listen before attempting to cross the railroad track.—*Brown v. Texas, etc. Ry. Co.,* 21 Am. St. Rep. 374. Railroad track itself is a warning of danger to all who go upon it.—*Schofield v. R. R. Co.,* 114 U. S. 615; 8 Fed. Rep. 488; *Tucker v. N. Y. Cen. R. R. Co.,* 21 Am. St. Rep. 670; *Mynning v. Detroit R. R. Co.,* 8 Am. St. Rep. 804; *Wichita, etc., R. R. Co. v. Davis,* 1 Am. St. Rep. 275; *Cincinnati, etc. R. R. Co. v. Howard,* 19 Am. St. Rep. 96; *Durbin v. Oregon R. R. Co.,* 11 Am. St. Rep. 778.

WILLIAM RICHARDSON, *contra.*—It is well settled by all the authorities that contributory negligence is no answer to either of the counts 2 or 6 upon which the trial in the lower court took place.—*M. & C. R. R. Co. v. Stewart,* 91 Ala. 421; *K. C., M. & B. R. R. Co. v. Crocker,* 95 Ala. 412; *L. & N. R. R. Co. v. Markee,* 103 Ala. 160; *Martin, Admr. v. M. & C. R. R. Co.,* 111 Ala. 670; *M. & C. R. R. Co. v. Martin,* 117 Ala. 367, and authorities cited; *G. P. R. R. Co. v. Lee,* 92 Ala. 271; *Tanner v. L. & N. R. R. Co.,* 60 Ala. 641; *L. & N. R. R. Co. v. Webb,* 90 Ala. 185; s. c. 97 Ala. 314.

McCLELLAN, C. J.—When this case came on for the trial from the judgment in which this appeal is prosecuted, the complaint contained eight counts. Of these counts, 2 and 6 charged the reckless and wanton killing of plaintiff's intestate by the employes of the defendant. Other counts ascribed the death of the intestate to the negligence of defendant's servants in the operation of a locomotive and train of cars. The defendant "for plea and answer to the complaint as a whole, and to each count thereof separately," filed pleas 1, 2, 3, 4 and 5. Plea 1 is the general issue. Pleas 2 and 3 are pleas

of contributory negligence. And pleas 4 and 5 set up wanton and willful misconduct on the part of plaintiff's intestate resulting in her death. What further occurred on the trial in respect of the pleadings is set down in what was intended to be a judgment entry, and is the judgment entry as to jury and verdict and recovery thereon, in the following words: * * * "and this case coming on to be heard further, the plaintiff strikes out the fifth count of his complaint, and proceeds to trial on the first (1), second (2), third (3), fourth (4), sixth (6), seventh (7), and eighth (8) counts of his complaint, and the defendant interposes demurrers to 6, 7, 8 counts, which are by the court overruled and disallowed. Thereupon defendant filed pleas numbered one (1), two (2), three (3), four (4), and five (5), and the plaintiff demurs to pleas numbered four and five, which are by the court sustained. Thereupon the plaintiff demurs to pleas numbered two and three as answers to counts two and six which are by the court sustained. The plaintiff elects to go to trial and does go to trial on counts two and six and issue being joined on pleas to said counts, comes a jury," etc., etc. Defendant's demurrer to the complaint is copied into the record, but plaintiff's demurrers to pleas 4 and 5 and 2 and 3 are not set out. If what we have quoted above stating the action of the court on the demurrers to the pleas could be looked to or considered at all, its construction would naturally be that the court sustained, not the demurrers, but, the pleas. But upon general principles, as many times declared by this court, the bench notes, or memoranda, or statements of the clerk which we have copied relative to the filing of demurrers to the pleas and the court's rulings in relation thereto are not judgments of the trial court, nor any evidence for this court of any action below, nor even of the interposition of demurrers to the pleas, and cannot be considered for any purpose. *Blankenship v. Owens*, 27 So. Rep. 974; *Carter v. Long Bros.*, 125 Ala. 280, 289; *Tennessee Coal, Iron & Railroad Co. v. Hanson*, 125 Ala. 349, 365; *Alabama National Bank v. Hunt*, 125 Ala. 512, 518; *Crawford v. Crawford*, 119 Ala. 34; *Jasper Mercantile Co. v. O'Rear*, 112

Ala. 247;*McDonald v. Railway Co.*, 123 Ala. 227; *Cartlidge v. Sloan*, 124 Ala. 596; *Elyton Land Co. v. Morgan*, 88 Ala. 434; *Mortgage Co. v. Inzer*, 98 Ala. 608; *Hereford v. Combs*, 126 Ala. 369.

It follows that on the record before us it is to be taken that, assuming plaintiff filed demurrers to defendant's pleas of contributory negligence and of contributory wantonness, no ruling was had upon them, but that they were abandoned, and that the plaintiff took issue upon each of said pleas.—*Elyton Land Co. v. Morgan*, 88 Ala. 434; *Mortgage Co. v. Inzer*, 98 Ala. 608; *Alabama National Bank v. Hunt*, 125 Ala. 512, 519; *Birmingham Ry. & Elec. Co. v. Baker*, 126 Ala. 135.

And it is of no consequence that these pleas presented an immaterial issue under the second and sixth counts upon which the trial was had. We are constrained by the record to the conclusion as matter of law and fact that the plaintiff took issue upon each of them. This made them material and defendant was entitled to judgment if any one of them was proved.—*Williams v. McKissack*, 125 Ala. 544; *Boman v. Rosser*, 123 Ala. 641; *Glass v. Meyer*, 124 Ala. 332; *Wellman v. Jones*, 124 Ala. 580; *Breitling v. Marx*, 123 Ala. 222; *Marbury Lumber Co. v. Westbrook*, 121 Ala. 179.

So far we agree with the argument of appellant's counsel. But we cannot admit the correctness of their further insistence that these pleas were proved, and that, of consequence, the affirmative charge requested by defendant should have been given. No one of the pleas was proved. To say the most it was for the jury to determine whether Mrs. Martin, the intestate, was guilty of negligence which proximately contributed to her death, as averred in the second and third pleas, or of reckless and wanton, or willful exposure of her person to the peril from which she suffered death, as averred in the fourth and fifth pleas. Under these latter pleas on the evidence it was clearly a matter for inference on the part of the jury whether Mrs. Martin went inadvertently upon the track unconscious of the approach of the train, or seeing or hearing the train approaching judged that she could cross safely in front of it and attempted to do so, or, possibly, that she made the attempt in a

spirit of reckless and wanton abandon and indifference to results likely to ensue. So that it can by no means be said that either the fourth or the fifth plea was supported by uncontroverted evidence or beyond adverse inference.

Recurring to pleas two and three, it is to be conceded that the evidence without conflict and without affording ground for any contrary inference establishes that Mrs. Martin in going upon the track in front of the engine was guilty of rashness and negligence such as would bar recovery by plaintiff in this action, if her want of due care *contributed* in a legal sense to her death, as is alleged in each of these pleas. But it is just upon this point—whether Mrs. Martin's proven negligence *proximately contributed* to her death—that the evidence before the jury afforded bases for diverse inferences deducible by the jury. On the one hand, it was open to them to find that defendant's servants in charge of the engine and cars did all in their power to avert the disaster after they became aware of Mrs. Martin's peril; and so finding they should have further found under these pleas that her death was the result in part of her own negligence. But on the other hand, there was evidence that when the engine was seventy-five feet from the crossing, over which Mrs. Martin attempted to pass, the engineer discovered her fifteen feet from the track, approaching it and evincing a purpose to cross it ahead of the engine, that the engineer gave no signals of approach, and that he made no effort to stop his train or to check or lessen its speed until after the engine had reached the point of her attempted crossing, and run against her and inflicted the injuries of which she died. There was also evidence from which the jury might have inferred that had the engine been reversed, the track sanded and the brakes applied when the engineer discovered her peril, the speed of the train would have been sufficiently checked and decreased before the crossing was reached to have enabled her to cross in safety, as it required hardly a moment of time more than she had for her to escape. The jury having the right to find in line with these tendencies of the evidence, and so finding, their further conclusion necessarily

would have been that Mrs. Martin's negligence in going upon the track did not proximately contribute to her death, but merely produced a situation upon which the negligence of the engineer operated as the sole proximate cause to the infliction of her mortal hurts.   In other words, to quote from a strikingly analogous case: "Her negligence would not be the cause of the injury nor contributory thereto, but merely the cause of a condition upon which the negligence of the engineer in failing to use all means in his power to avoid the injury after becoming aware of her peril, operated to and as the sole cause of her death."—*Central of Georgia R'y. Co. v. Foshee*, 125 Ala. 199, 218, citing *Tanner's Extrs. v. Railroad Co.*, 60 Ala. 621; *Louisville & Nashville Railroad Co. v. Brown*, 121 Ala. 221, and *Central of Georgia R'y. Co. v. Lamb*, 124 Ala. 172.   The giving of the affirmative charge requested by the defendant would have deprived the jury of the right to find that Mrs. Martin's negligence did not proximately contribute to her death; and under pleas two and three, as well as under pleas four and five, the issue was for the jury's determination.

The further argument of appellant's counsel is addressed to the proposition that there was no evidence before the jury tending to show the recklessness and wantonness on the part of defendant's servants charged in counts two and six, upon which the trial was had, and that therefore the affirmative charge requested by defendant should have been given under the plea of not guilty.   When this cause was last before us it was ruled, upon a consideration of the evidence as to the character of the place where Mrs. Martin was stricken, it being the main crossing of the railroad in and between the two halves of a town of five hundred inhabitants, the extent of its user by the people as a crossing, etc., etc., the speed of the train, etc., that the inquiry was wantonness *vel non* was for the jury and not for the court. *Memphis & Charleston Railroad Co. v. Martin*, 117 Ala. 367, 383-5.   We adhere to that ruling on the grounds upon which it was then rested and upon the further ground that it was open to the jury to conclude from evidence adverted to above in another connection that

[Galloway, Trustee, v. Hendon, Guardian.]

defendant's servants were recklessly indifferent to Mrs. Martin's peril and wanton in their conduct in relation thereto in that they consciously failed after becoming aware of her danger to use all means at hand to conserve her safety. "We are not prepared to say there was no evidence adduced in support of" the averments of recklessness and wantonness.—*Central of Georgia R'y. Co. v. Foshee,* 125 Ala. 199, 227.

The assignments of error not covered by the foregoing opinion are not discussed in the brief of appellant's counsel, and we therefore do not consider them.—*Kenan v. Lindsay,* 127 Ala. 270; *Henry v. Hall,* 106 Ala. 84; *Louisville & Nashville Railroad Co. v. Morgan,* 114 Ala. 449, 456; *Williams v. Spraggins,* 102 Ala. 424, 431; *Ward v. Hood,* 124 Ala. 570; *Syllacauga Land Co. v. Hendrix,* 103 Ala. 254.

Affirmed.