# Tennessee Coal, Iron & Railway Co. v. Gandy.

*Action for Damages to Employe.*

(Decided April 22, 1909. 49 South. 369.)

1. *Master and Servant; Injuries to Servant; Proximate Cause.*— Where it became necessary for a brickmason to move an ore bin towards the track used in the operation of the furnace in order to repair the furnace, which he did, and thereafter the engine used safely passed the bin, but a superior employe knowing of the location of the bin near the track, and of the danger to the other employe if the engine came in contact with the bin, yet gave signals for the increase of the speed of the engine drawing a load which caused the engine to wabble and strike the bin, injuring the brickmason, showed negligence of a superior authorizing a recovery, since if he was negligent in failing to observe care in locating the bin when he voluntarily moved it, his negligence became only a condition on which the subject negligence of his superior operated as a proximate cause of the injury.

2. *Charge of Court; Ignoring Issues.*—A charge asserting that an employe having voluntarily undertaken to move the bin must place it a safe distance from the track, and that if the engine struck the bin because it had been placed too near the track, the verdict must be for the defendant, was erroneous as asserting a defense to recovery though the employe's negligence did not proximately contribute to the injury because of the subject negligence of a superior directing the operation of the engine.

3. *Same; Ignoring Evidence.*—Where the evidenc was in conflict as to a particular matter, a charge asserting that if the jury believed the evidence they should find as to the facts was erroneous as implying that there was no evidence opposed to the facts asserted.

4. *Same.*—Where the action was for injuries to an employe, and the evidence was conflicting as to whether the employe voluntarily moved the bin or whether his superior directed and assisted in moving it, a charge asserting that under the evidence, if the jury believe it, the employe voluntarily undertook to move the bin and was negligent, and therefore, could not recover, ignored the evidence, and was properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by John S. Grandy against the Tennessee Coal, Iron & Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts are sufficiently stated in the opinion of the court. The following charges were refused to the defendant: "(2) The court charges the jury that if they believe from the evidence that Thompson sent Lind for the charging machine to move the ore box, and that Lind ordered the machine to come, and thereafter Lind told the plaintiff the machine was come, and that Gandy voluntarily undertook to move the box without waiting for the machine, then the court charges you it was Gandy's duty to move the box to a safe distance from the track, so that the engine would not strike it; and if the jury believe from the evidence that Gandy placed the box in dangerous proximity to the track, and that as a result of this act the engine struck the box and caused the injury complained of, then your verdict must be for the defendant. (3) The court charges the jury that under the evidence in this case, if they believe the evidence, Gandy voluntarily and gratuiously undertook to move the ore box, and that under such circumstances it was his duty to move the same to a safe place, where it would not be in danger of being struck by passing trains; and the court charges the jury that it would have been

negligence for Gandy to have placed said box so close to the track that it would have been struck by any movement of the engine on said track which could have been reasonably anticipated.   (4) The court charges the jury that under the evidence in this case, if they believe the evidence, Gandy voluntarily undertook to move the ore box, and that under these circumstances he should have used due care to move it to a place of safety, and that under the evidence he was negligent in this respect." There was judgment for plaintiff in the sum of $1,700.

PERCY & BENNERS, for appellant.  Counsel discuss the assignments of error seriatim, but without citation of authority.

BOWMAN, HARSH & BEDDOW, for appellee.  Charge 2 was properly refused.—*G. P. R. R. Co. v. Davis*, 92 Ala. 300; *Thornton v. Dwight*, 120 Ala. 653; *C. of Ga. Ry. Co. v. Lamb*, 124 Ala. 172; *Bir. R. & E. Co. v. Jackson*, 136 Ala 268.  Counsel discuss the other assignments of error, but without citation of authority.

McCLELLAN, J.—The appellee, plaintiff below, was a brick mason in the employ of the appellant.  It became his duty to do repair work at a furnace.  In order to get at the work, it was necessary to move a heavy ore bin, and the situation of the furnace and a railroad track, used in the operation of the furnace, was such that the bin could only be moved a few inches toward the track, and, if moved too far in that direction, would impede the free use of the track.  Lind and Thompson were appellee's superiors.  There was testimony tending to show that appellee voluntarily moved the bin toward the track.  There was also testimony tending to show that Lind directed or assisted in the moving of the bin toward the track, in order that appellee might proceed

with his work, or repair. The testimony further showed without dispute that the furnace engine, when not pulling loads, passed the bin, as located after being moved, without striking it; and it was also shown that appellee witnessed that test of free passage and then took up his duties between the bin and the furnace. The engine, in returning then pushing a load of hot metal, struck the bin, and in consequence the appellee's foot was mashed by the bin. There also was testimony tending to show that Lind ran across the track, in front of the approaching engine, from the place where the bin was, and behind which, from the track, the appellee was at work, and in such position as that, if the bin was struck by the engine, injury to him (appellee) was likely to result; that at the time Lind so crossed in front of the engine it was running slow, or slowing, in response to a signal from a switchman; that after reaching the opposite side of the track from the bin Lind gave the engineer a "high ball" signal, which meant to go ahead rapidly; that the engineer obeyed, thereby causing the engine to wabble in consequence of the resistance afforded by the load then being pushed; and that the unsteadiness of the engine so wrought caused the engine to strike the bin and injure appellee. The fourth count imputes the injury to the negligence of Lind in causing the bin to fall or be knocked upon appellee to his injury. The pleas were the general issue and contributory negligence.

Under the tendencies of the proof, some of which we have recited, the issues made by the count and pleas were for the jury. Though it were found by the jury that appellee was negligent in his failure to exercise due care to so locate the bin with reference to the track as that it could be struck by a passing engine, and in placing himself in such a position of danger if the bin was struck by the engine, it was still open to them to find the defend-

ant liable on the phase of the testimony tending to show negligence on the part of Lind in signaling the immediate and rapidly accelerated movement of the engine just before and as it passed the bin, only slightly removed from the track. It is reasonably inferable from the circumstances of the event that Lind knew of the location of the bin near the track, that he knew of appellee's peril if the moving engine came in contact with the bin, that the indicated acceleration of the engine at that point would greatly increase the chance, if not render reasonably certain the fact, that the engine would strike the bin, and that under these conditions Lind directed such movement of the engine as reasonable prudence and care would not have suggested or commended. If Lind was so negligent, under the well-settled and often-stated rule prevailing here, the initial negligence of appellee in not observing due care in the location of the bin when he moved it (if so he did voluntarily) became only a condition upon which the subsequent negligence of Lind operated to afford the proximate cause of the injury to appellee.—*Central of Ga. v. Lamb,* 124 Ala. 172, 26 South 969; *L. & N. R. R. v. Brown,* 121 Ala. 221, 25 South. 609, and many others unnecessary to cite.

Coming to the assignments of error:

Charge 2, refused to defendant, was faulty in at least two particulars. It would have concluded the plaintiff because of negligence in locating the bin as he did, notwithstanding such negligence may not have proximately contributed to his injury. Besides, it would control the verdict in favor of defendant, regardless of the plaintiff's right to have the jury determine liability vel non on the theory of subsequent negligence inhering in the described act of Lind.

Charge 3, refused to defendant, may be subject to other criticism; but the court's action in respect to it

was justified by the assumption in the charge that the plaintiff voluntarily and gratuitously moved and placed the bin, whereas there was testimony tending to show that Lind directed and assisted in the moving and placing of the bin. The expression "if they (jury) believe the evidence" is not the equivalent of an hypothesis that they believe plaintiff so acted. "If they believe the evidence" necessarily implies that there was no evidence, as such, opposed to the fact asserted, viz., that plaintiff voluntarily, etc., moved and located the bin dangerously near the track.

Charge 4, refused to defendant, affirmed that plaintiff was negligent in moving and placing the bin. This could not be affirmed as matter of law, without ignoring the tendencies of the evidence that plaintiff's superior directed and assisted in moving and placing the bin. Besides, the charge is subject to the criticism of charge 3 before made.

The motion for new trial was properly overruled. No error appears in the record, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.

